IN THE MATTER OF THE PETITION OF THE NEW YORK PROTESTANT EPISCOPAL PUBLIC SCHOOL et al. TO VACATE AN ASSESSMENT.

The act of April 12th, 1865 (chapter 381, Laws of 1865), prohibiting the construction of a sewer in the city of New York, unless in accordance with a general plan, applies to cases where proposals had been advertised for and bids opened before the passage of the act.

The power of the legislature to regulate the construction of such public works, cannot be foreclosed by any contracts of a municipal corporation.

(Argued May 23d, 1871 ; decided September 2d, 1871.)

APPEAL from an order of the General Term, first department, affirming order of Special Term, denying a petition to vacate an assessment for a sewer in Seventy-fourth street from Fifth avenue to the East river in the city of New York. (Reported below: 58 Barb., 161, and 40 How., 139.)

The petitioners applied to the Special Term, for an order vacating the assessment above mentioned pursuant to the act, chapter 338, Laws of 1858.

The alleged irregularities in the assessment proceeding are:

1. That the assessment has never been confirmed by the common council.

2. That no general plan of a sewerage district, including the sewer in question, was adopted by the Croton aqueduct board, as is required by the act, chapter 381, Laws of 1865, passed April 12th, 1865.

The proof shows, that proposals for the construction of the sewer in question were received, pursuant to advertisement, previous to the *6th of April*, 1865, and opened on that day.

That the contract was executed on the *13th day of April*, 1865.

The assessment was confirmed by the board of revision and correction of assessments on the 15th day of May, 1868.

The map of the sewerage district, in which the sewer in question is located, was not adopted until October, 1865.

*C. E. Miller*, for appellants. The assessment is illegal. (*In re Blodgett*, Court of Appeals.) The contractor acquired no vested right. (*People* v. *Kent*, 27 N. Y., 188; *Presb. Ch.* v. *Mayor*, 5 Cow., 538; *Britton* v. *Mayor*, 21 How. Pr., 251; *Smith* v. *Mayor*, 10 N. Y., 504; *People* v. *Croton Aq. Dep.*, 6 Abb., 42; *People* v. *Aldermen*, 11 id., 289; *People* v. *Smith*, 12 id., 133.) The provision of the act of 1861, creating a board of revision, is unconstitutional. (*Town of Fishkill* v. *Plankroad Co.*, 22 Barb., 634; *People* v. *Hills*, 35 N. Y., 449; *Baldwin* v. *Mayor*, 2 Keyes, 387, 392; *People* v. *O'Brien*, 38 N. Y., 193; *Smith* v. *Mayor*, 7 Robt., 190; *Pullman* v. *Mayor*, 54 Barb., 169; *Gaskin* v. *Meek*, 42 N. Y., 404, 417; *People* v. *Com'rs of Highways of Town of Palatine*, 53 Barb., 70; *People ex rel. Lee* v. *Board of Supervisors of Chautauqua Co.*, N. Y. Trans., March 18, 1871; *Davis* v. *Tax Com'rs*, General Term, 1871, opinion of INGRAHAM, J.)

*R. O'Gorman*, for the mayor, etc., of the city of New York, respondents. The act of 1861 is constitutional. (*Sharp* v. *The Mayor*, 18 How., 97, INGRAHAM, J.; *Outwater* v. *Mayor*, id., 572; *The Sun Mut. Ins. Co.* v. *The Mayor*, 4 Seld., 252; *People* v. *Lawrence*, 41 N. Y., 139, and cases there cited.) The act of April 12, 1865, has no application to this case. (*Reed* v. *Mayor*, 12 Leg. Obs., 38; *Smith* v. *Mayor*, 10 N. Y., 504; *Moon* v. *Durden*, 2 Exch., 22; *Dash* v. *Van Kleek*, 7 Johns., 477; *Wood* v. *Oakley*, 11 Paige, 400; *Johnson* v. *Brownell*, 2 Hill, 238; *Butler* v. *Palmer*, 1 id., 324; *Snyder* v. *Snyder*, 3 Barb., 621; *Hackley* v. *Sprague*, 10 Wend., 114; *McMannis* v. *Butler*, 49 Barb., 176.)

RAPALLO, J.   By the act of April 12, 1865, the construction of any sewer or drain in the city of New York is absolutely prohibited, unless such sewer or drain shall be in accordance with a general plan, devised by the Croton board, for the sewerage of the particular district in which such sewer or drain is proposed to be constructed.   And in *The Matter of Blodgett* (decided October 24, 1870), this court decided, that an assessment for a sewer contracted for, before such a general plan had been devised was void.   That decision must control this case, unless the respondents can maintain the position, that the act of April 12, 1865, does not apply where proposals for the work had been advertised for, and bids opened, before the passage of the act.   But we do not think that position tenable.   There is no such reservation in the act itself, nor do we think that such a reservation can be intended.   The manifest design of the act, was to secure a harmonious system of sewerage for the entire district; and the reservation sought to be introduced, might have the effect of interfering with the general plan, so as to defeat the very object which the act was designed to secure.

It is not material to pass upon the question of the constitutionality of the act of 1861 (chap. 308), or whether, on the opening of the bids, the lowest bidder acquired a vested right to a contract for the construction of the sewer.   Assuming

that he did, or even that the city had entered into a formal contract with him before the passage of the act of 1865, such contract would not deprive the legislature of the power to prohibit the construction of the sewer.

Whether the city would be discharged by the act, from liability to the contractor for damages for the breach of the contract, is a different question.   But the power of the legislature to regulate the manner in which public works of this description shall be constructed, cannot be foreclosed by any contract of a municipal corporation for the doing of the work.

The act of 1865, by its terms, applies to all sewers thereafter to be constructed.

It is claimed, that in order to prevent its interfering with vested rights of contractors, it should be restricted, by construction, to sewers thereafter to be contracted for.   In view of the special object sought to be attained by the act, we do not think such a construction admissible.   Its clear intent, was to prevent the building of any sewer, not in accordance with the general plan directed to be devised.   This intent would be defeated, should the courts take the liberty of construing the act so as to sanction other sewers, which might be found totally inconsistent with the general plan when adopted, simply for the purpose of protecting contracts entered into prior to the passage of the act.

The order appealed from should be reversed, and the assessment vacated, with costs.

All concur.

Order reversed.