IN THE MATTER OF THE PETITION OF FERDINAND MAYER TO
    VACATE AN ASSESSMENT FOR SEWERS, ETC., IN THE CITY
    OF NEW YORK.

If the title of an act fairly and reasonably announces the subject, and that
    is a single one, and if the various parts thereof have respect or relate to
    that subject, the provision of the Constitution that no local or private
    bill shall embrace more than one subject, and that shall be expressed in
    its title (State Constitution, art. 3, § 16), is complied with. The degree
    of relationship of each provision is not material if it legitimately tends
    to the accomplishment of the general purpose.

The general subject of local improvements includes not only the plan and
    construction of contemplated work, but the means by which the work
    may be accomplished, the proceedings necessary to be adopted for
    assessing and paying the expenses and the remedies to parties for redress
    of grievances arising out of their construction.

The act, therefore, entitled "An act in relation to certain local improve-
    ments in the city of New York" (chapter 580, Laws of 1872), is not
    violative of said constitutional provision, and an assessment under it
    for constructing a sewer will not be vacated for an omission to file a
    plan of sewerage, embracing the sewer in question, where no fraud is
    shown. (Section 7 of said act.)

(Argued December 10, 1872; decided December 17, 1872.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, affirming an order of
Special Term denying a motion to vacate an assessment for
sewers in Seventy-ninth and Eightieth streets, between
Avenue A and Third avenue.

The objection to the assessment relied upon principally
was, that a portion of the sewers were constructed in streets
not included in a sewerage district plan adopted or filed pre-
vious to making the contract for the work.

*Charles E. Miller* for the appellant. Chap. 580, Laws of
1872, is unconstitutional; being a local bill, it embraces more
than one subject. (*In re Blodgett*, Ct. of App.; *Town of
Fishkill* v. *Plank-road Co.*, 22 Barb., 634; *People* v. *Hills*,
35 N. Y., 449; *Baldwin* v. *Mayor*, 2 Keyes, 387, 392; *People*
v. *O'Brien*, 38 N. Y., 193; *Smith* v. *Mayor*, 7 Robt., 190;

*Pullman* v. *Mayor*, 54 Barb., 169; *Gaskin* v. *Meek*, 42 N. Y., 186; *People* v. *Commissioners of Highways of Town of Palatine*, 53 Barb., 70; *People* v. *Allen*, 3 Hand, 404–417; *People ex rel. Lee* v. *Board of Supervisors of Chautauqua County*, 4 id., 10.)

*D. J. Dean* for the respondents. The title of chapter 580, Laws 1872, sufficiently indicates its subject to bring it within section 16, article 3, Constitution. (*The Sun Mut. Ins. Co.* v. *The Mayor*, 4 Seld., 509; *The People ex rel. Davis* v. *The Commissioners of Taxes*, 47 N. Y., 501.)

CHURCH, Ch. J. The omission to file a plan of sewerage, embracing the sewer in question, was held by this court to be an irregularity fatal to the assessment, prior to the act of 1872. (46 N. Y., 178.) The seventh section of the latter act expressly provides that assessments shall not be vacated for irregularities of this and the like character, unless fraud be shown. It is claimed that this act of 1872, being chapter 580, entitled " An act in relation to certain local improvements in the city of New York," is a violation of that provision of the Constitution which declares that " no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in its title."

That this is a local bill there is no doubt, and the question is whether there is more than one subject embraced in its provisions, and whether that is expressed in its title. A brief synopsis of the bill will best exhibit the nature of its provisions. The first section declares that no contract entered into within the last five years for making certain specified local improvements shall be held valid, if certain irregularities have occurred, unless the commissioners appointed by subsequent provisions shall certify that no fraud has been committed in respect to them, but if so certified they are confirmed.

Section 2 appoints the commissioners who are authorized to examine into such contracts and the awards for the same,

and provides for a hearing of the parties interested upon notice, and declares the effect of their decision.

Section 3 requires payments to be made upon such contracts as are certified to be free from fraud, and authorizes the commissioners to extend the time for the performance of such contracts for a period equal to the time which the contractor may have been delayed by any act of the city.

Section 4 extends the provisions of chap. 397 of the Laws of 1852, entitled "An act to authorize the mayor, aldermen and commonalty of the city of New York to issue assessment bonds," to assessments made or to be made according to law for improvements, whether the ordinances were passed by the common council or not, and regulates the interest on payments to contractors, and per centages to be retained.

Section 5 requires the comptroller to certify the expenses incurred under the contracts mentioned in the first section of the act, and to the board of assessors who are required to assess the same according to law, and applies all the laws in relation to assessments for local improvements to such expense and assessments.

Section 6 continues and establishes the board of revision and correction authorized by chap. 308 of the Laws of 1861, and confirms their previous action.

Section 7 provides that no assessment for such improvements shall be vacated or set aside for irregularity unless actual fraud is shown, but exempts its application from proceedings commenced before January 1, 1872.

Section 8 authorizes the employment by the commissioners of a clerk, and provides for his and their compensation, and section 9 repeals all laws inconsistent with the act.

From this summary of the act it is manifest that its provisions relate to local improvements. The Constitution does not require that the title of an act should be the most exact expression of the subject which could be invented. It is enough if it fairly and reasonably announces the subject of the act. Is there any other subject embraced in the provisions of this act than that relating to local improvements? I think

not.   A subject is that of which anything may be affirmed or predicated, and if the various parts of this act have respect to or relate to local improvements, the act is not obnoxious to the constitutional objection interposed, and the degree of relationship, if it legitimately tends to the accomplishment of the general purpose, is not material.

The general subject of local improvements includes their plan and construction not only, but the means by which the work is accomplished, and the proceedings necessary to be adopted for these purposes, for assessing and paying the expenses incurred, as well as the remedies to parties for redress of grievances growing out of their construction.   A general title relating to local improvements would be understood to include, or at least that it might include, these several details.   No one could be deceived or misled by such a title.

The learned counsel for the appellant would require seven distinct bills to embrace the provisions of this one.   1. In relation to the specified contracts.   2. Awards of contracts. 3. The appointment of commissioners, and so on to the end, requiring nearly every section of the bill to be an independent bill, on the ground that it embraces an independent subject. The counsel argues: "A contract is not a local improvement, but rather the means or instrumentality by which local improvements are accomplished."   Do not the means or instrumentality by which local improvements are made *relate* to the subject of local improvements?   If they do, they are embraced in the title, and that they do is self-evident.   And this is true of all the provisions.   They relate to the general subject of local improvements, which includes their construction and mode of paying the expenses.   The commissioners appointed have a duty to perform relative to contracts for local improvements.   The act of 1852, which is adopted, provides for issuing bonds in advance of collecting assessments for local improvements.   The act of 1861, which created a board of revision of assessments for such improvements, is substantially re-enacted, and the additional powers conferred

relate to the same subject. The remedy by petition under the act of 1858 is preserved, but the grounds for vacating assessments are restricted to actual fraud. All these provisions are germain to the title. It was competent for the legislature to repeal the act of 1858 as to vacating assessments, and of course to regulate and limit it as they deemed proper. (40 N. Y., 561.)

There is but one provision in the bill about which any doubt could exist, and that is, in several of the sections the proceedings are made applicable to local improvements "and other public works," and the question occurred whether " other public works" might not be a different class of works from those specified; but by the 4th section of the act these are defined to be such improvements as are paid for by local assessments, so that all works, the expense of which is locally assessed, are local improvements within the meaning of the act. They refer to a class of improvements, and embrace those defined in section 4. Whether in the practical working of this act greater laxity in the performance of official duties may not exist, or whether other provisions of the Constitution protecting persons from being deprived of private property without the process of law may not be violated, are questions not involved in this case. The only point relates to the title, and its relation to the provisions of the bill. From the frequency with which questions under this clause of the Constitution have been presented to the court, I infer that erroneous views are entertained upon the subject.

Nothing that this court has ever decided, nor indeed so far as I have examined any other court, justifies the position that the various means adopted in a bill to carry its general design must be enacted by separate bills or embraced in the title in order to escape the operation of the clause in question. Courts cannot legislate nor dictate legislation, nor have they any concern with the propriety or wisdom of legislation.

They can only determine the question of power, and there must be a substantial departure from the organic law to justify a decision that an act is invalid. To adopt the views

urged upon the court in this and some other cases, would embarrass legitimate legislation and be the means of creating more mischief than the constitutional clause was designed to prevent.

The order must be affirmed.

All concur.

Order affirmed.