MATTER of VAN ANTWERP *et al.*, executors, etc.

*Constitutional law—legislative power to validate invalid acts. Chap. 812, Laws of 1872, constitutional.*

The legislature have power to validate acts done without due conformity to existing law and undoubted power to tax any district to pay the cost of an improvement to it.

Chap. 812, Laws of 1872, is entitled " An act to confirm, reduce and levy certain assessments in the city of Brooklyn." Several assessments are included in the provisions of the act. *Held,* that the act is not in violation of article 3, § 16 of the State constitution. It embraces only one subject and that is named in the title.

PROCEEDING pursuant to chapter 338, Laws of 1858, and act amendatory thereof, to vacate an assessment upon petitioners' lots for a local improvement known as assessment for repaving St. Felix street, etc., confirmed by the common council of the city of Brooklyn, April 11, 1872.

The street in question was paved in pursuance of a resolution of the "Permanent Board of Water and Sewerage Commissioners," adopted July 11, 1870. It was claimed that this action of the said board was without authority, and applications were made by a number of owners of property assessed to vacate the assessments made for such paving. While these applications were pending, the legislature, on the 21st of May, 1872, passed an act (chap. 812) entitled thus: "An act to confirm, reduce and levy certain assessments in the city of Brooklyn."

This act in its preamble recites that "various streets and avenues in the city of Brooklyn have been repaved and improved by various public boards and officers with improved and expensive pavements and materials, which said streets are more particularly enumerated and described as follows." Then follows a list of streets, including the one in question. The act then recites the fact that assessments have been made for such improvements, etc., and levies two-thirds of the sum assessed upon each parcel of land as a tax, and also confirms as to two-thirds of each assessment made, the proceedings had by the several boards in laying and levying the same.

The only question presented by the appeal is the application and constitutionality of the act named, the petitioner claiming that it did not make valid the illegal action of the "Permanent Board," and that it is unconstitutional, being in contravention of art. 3, § 16 of the State constitution, it being a local bill and embracing more than one subject, and that not embraced in its title.

Upon the joining of issue the matter was referred to W. H. Greene, Esq., referee, to take proof and report his opinion. His report was filed, and, upon a hearing before Mr. Justice PRATT, the court found that the assessment was confirmed as to two-thirds thereof by the act of the legislature, and that the petitioner was not entitled to the relief sought, from which finding the petitioner appealed.

*D. P. Barnard*, for appellant.

*Jesse Johnson*, for respondent.

BARNARD, P. J. The principle upon which the act in question rests was approved by the court of appeals in *Howell* v. *City of Buffalo*, 37 N. Y. 267.

The legislature had power to validate acts done without due conformity to existing law, and undoubted power to tax any district to pay the costs of an improvement to it. The title of the act under which the cost of this assessment was levied does not infringe that part of the constitution which requires a local bill to contain only one subject, which must be indicated in its title. The subject legislated upon is contained in the title.

The title is, "An act to confirm, reduce and levy certain assessments in the city of Brooklyn." No other subject is legislated upon, but more than one assessment is included in the provisions of the act. It would embarrass legislation to hold that every street affected by the bill must be included in the title of the act. If the general subject is stated, all the means directed to the object, intended to be accomplished by the legislature in reference to it, may be included in the bill. *Matter of Mayer*, 50 N. Y. 504.

*Order affirmed.*