PETITION OF ASTOR, trustee, etc., appellant.

*New York city — paving of streets — Laws 1872, ch. 580, § 7 — assessments — publication — former paving at owners' expense..*

Where a street in the city of New York has once been paved, at the expense of the owners of the lots, by consent of the common council, the case is not within the exception contained in Laws 1872, chap. 580, § 7, which provides that assessments shall not be set aside or vacated on the ground of any irregularity in the publication of the ordinance, except where fraud shall be shown, and in cases of assessments for the repairing of any street, etc., upon property for which an assessment has once been paid for paving the same street, etc.

Accordingly *held*, that a prior paving of a street at the expense of the property owners, without any assessment, was no bar to the vacation of a subsequent assessment for paving, on the ground that the ordinance directing the improvement had not been published for two days before its adoption by the common council.

THIS is an appeal from an order denying a motion to vacate an assessment upon petitioner's lots, for the paving of a street

adjacent to the petitioner's property, upon the ground that the ordinance directing the improvement had not been published for two days prior to its adoption by the common council, in all the newspapers employed by the corporation ; also, that the said street had been paved in the year 1860, by the petitioner, at his own expense and by permission of the common council. No assessment for paving, prior to the one now in question, had ever been laid upon the petitioner's lots.

*Develin, Miller & Trull,* for appellant. The petitioner is within the spirit of the exception of act of 1872, chap. 580, § 7. 5 Johns. 380; 4 N. Y. 140; (*People ex rel. Bolton* v. *Albertson, Comptroller of Troy*) (court of appeals, Nov., 1873), 17 Vt. 479. The common council having authorized the petitioner to pave the street at his own expense, it is in effect an assessment.

*E. Delafield Smith,* counsel to the corporation for the city, cited *In re Mayor,* 50 N. Y. 504. The statute excepts only those cases of assessment in which an assessment has once before been paid.

DAVIS, P. J. The irregularity relied upon to vacate the assessment in this case is the failure to publish the ordinance of the common council authorizing the work, as required by section 7, chapter 446 of the laws of 1857.

This would have been a fatal objection within *Matter of Douglass,* 46 N. Y. 42, but for the act of 1872. Laws of 1872, chap. 580; *Matter of Mayer,* 50 N. Y. 504. The point relied upon is, that this case is one of those excepted from the curative effect of that act by the excepting clause contained in the seventh section.

The seventh section provides that assessments shall not be set aside or vacated on the ground of such non-publication of the ordinance, " except only in cases in which fraud shall be shown, and in cases for the repaving any street, avenue or public place, upon property for which an assessment has once been paid for paving the same street or public place."

The petitioner proved that the street had once been paved at his own expense, by consent of the common council, under the direction of the Croton aqueduct department, who approved of and accepted the work. The ordinance of the common council, under which the former paving was done, was a mere permission or privilege granted

to the owners of the property on Fifty-fifth street to pave at their own expense, for their own accomodation, subjecting the work, however, to the direction of the Croton aqueduct department, doubtless because it was supposed it might to some extent interfere with the mains or water-pipes of that department. It was in no sense a proceeding *in invitum,* and it involved in no form the exercise of any authority to assess any property for the expenses of the pavement. The language of the exception seems to be very plain, and to leave neither room nor occasion for extending it by construction. The statute is remedial, and intended to relieve from consequences very onerous to the city and productive of general public injury. The exception should, therefore, have no construction that will extend beyond its plain terms. It takes out of the relief the cases specified and no others. One class of them is cases of assessments for repaving any street upon property for which *an assessment has once been paid* for paving the same street. The imposition of a former assessment, which the party or his property was bound by law to pay, so that in a legal sense he or his property may be said to have been compelled to contribute to the public benefit, is the sole subject of contemplation by the statute, and not cases where parties have been permitted to improve their own property, for their own benefit, by paving a street in front of it.

The argument of the learned counsel for the appellant, though extremely ingenious, fails to satisfy our minds that the statute was intended to embrace every case of a prior paving of a street at the expense of the owners of the land through which it was laid. Had that been the intention, it would have been expressed. It would have been very easy to have said "upon property which has once paid for paving the same street," instead of "*for which an assessment has once been paid.*" We see no requirement of justice that calls on us to extend or enlarge the statute for the relief of the petitioner, and no such humanitarian necessity as will justify it.

The order appealed from should be affirmed.

DANIELS and DONOHUE, JJ., concurred.

*Order affirmed.*