Church, Ch. J.
This is an application under the act of 1858 to vacate an assessment for the repaving of St. Felix street, from De Kalb avenue to Hanson place, in the city of Brooklyn. It is conceded that the original assessment was invalid by reason of a failure to procure the necessary consent, in writing, of the owners of property, to the change made, from cobble-stone to Bicholson pavement. After these *264 assessments had been made, the legislature passed an act (chapter 812, Laws of 1872), entitled “An act to confirm, reduce and levy certain assessments on the city of Brooklyn,” which it is claimed obviates all objections to the original assessment. The act contains a preamble reciting the action of the city in repaving and improving certain streets and avenues which it specifies, among which is “ St. Felix street, from De-Kalb avenue to Fulton avenue; ” that the city has borrowed the money and paid the expense thereof, and has assessed such expense upon the property adjacent to the respective improvements adjudged to be benefited thereby; that the legality of. such assessments is denied, and that such assessments are burdensome. The act then provides that two-thirds of the cost and expenses of such improvements is made a lien and assessment upon the land and premises included 'in the respective districts of assessments, “ and two-thirds and no more of each of said several assessments * * is hereby levied on the several pieces of land and premises within said several and respective districts, and in the same proportions in which the same has been already assessed and apportioned therein as aforesaid, levied as a tm to be collected and applied by said city;” and also provides that one-third of such expenses shall be a general charge upon the city. There are other provisions which it is unnecessary to notice.
It is objected, in the first place, that the act does not embrace the improvement in question. It is true that it does not embrace the whole of St. Felix street, from De Kalb .avenue to Hanson place, but describes the improvement from .that avenue to Fulton street, which crosses St. Felix street nearly in the center of the improvement. It does not appear ' that there was any other improvement made in that street between the points indicated than the repaving, for which the assessments in question were made; and as the petitioner’s lots are located within the district embraced in the act, the description is sufficient as to him, although another portion of the street is not included or provided for.
*265 The learned counsel for the petitioner argued, with ability, several objections to the validity of the act of 1872; that it violates that provision of the Constitution which declares that no member of the State shall be deprived of the rights and privileges secured to citizens, “ unless by the law of the land, or the judgment of his peers; ” and also the provision that he shall not “be deprived of life, liberty or property, without due process of law.” The answer to these objections is, that these provisions of the Constitution are not affected by the act in question. The act was an exercise of the taxing power by the legislature, which for public purposes is unlimited, except as specifically restrained in the Constitution. Hot only is this power unlimited as to the extent of taxation to be imposed, but as to the manner, whether general, upon all the property of a locality, or upon such only as is supposed to be benefited by a particular public improvement. (4 N. Y., 419.) An assessment is a tax, although ordinarily understood to apply to specific impositions for supposed benefits, for a particular work or improvement. All property is held subject to such burdens as may be imposed upon it-for public purposes, and the imposition does not deprive the citizen of any rights or property within the meaning of the clauses referred to. It is an indispensable power of all governments, without which they could not exist; and as public exigencies cannot be anticipated, so it has been found difficult to prescribe rules for its exercise. It cannot be denied, however, that experience has developed alarming abuses in the exercise of this power; and it is not improbable that the safety of the public may require that some constitutional restrictions shall be interposed ; but until this is done the judiciary cannot control its exercise. The action of the legislature, under the circumstances presented at the time, seems to have been just and equitable. The improvements had been made, the expenses incurred, and the legislature relieved the property owners from one-third of the amount originally assessed.
It is also objected that it is not competent for the legisla *266 ture to validate a void assessment, and that it could only authorize a reassessment. The answer to this is that the legislature did not attempt to legalize the old assessments, but itself exercised the power of making new assessments. The old assessments are referred to, not for the purpose of adoption, but for the purpose of fixing the specific amount by the proportion specified; and the act expressly levies that amount as a tax. It is as certain as if the particular sum was specified. The legislature, in effect, has declared that the petitioner shall pay a specified sum upon his property, described, toward defraying the expenses of repaving St. Felix street, adjacent to which his property is located; and it has imposed a like burden upon property similarly situated. It was conceded, on the argument, that the legislature might have authorized a reassessment.. If so, it is clear that it could make the reassessment itself; and this is precisely what it did by the act of 1872. Whatever the legislature may authorize to be done by a municipal corporation, it may do itself directly; and it is no objection that the improvement had been made and expenses incurred. (37 N. Y., 267.)
The act in question does not interfere with any vested right or cause of action of the petitioner to set aside the original assessment.
The act has superseded and annulled that assessment as a charge, tax, or lien upon the petitioner’s property, and has substituted a new assessment therefor. The petitioner, therefore, cannot avail himself of the act of 1858, to vacate the old assessment, because it does not exist; and provision is made in the act of 1872 for the payment of costs and expenses incurred by those who had commenced proceedings before its passage.
Objection is also made that the act of 1872 conflicts with section 16, article 3 of the Constitution, in relation to private and local bills. The objection is that the title is too general. It might have been more specific; but if it is sufficient to express the subject this clause is not violated. The subject is the confirmation, reduction and levying of certain assessments *267 on the city of Brooklyn. Assessments, though a species of tax, are understood to mean a special imposition for a particular improvement as distinguished from a general money tax. The object of specifying the subject in the title is to indicate the purpose of the act and to prevent deception. How, any one looking at the title of this bill would infer that it related to such assessments as are treated of and provided for in the body of the act. The assessments for the different streets mentioned do not constitute separate subjects; they are all included under the general subject mentioned in the title. (50 N. Y., 504; 52 id., 80, 650.) The word “on,” in the title, it is claimed, implies that the bill relates only to assessments which are imposed upon the city at large. This we think is too critical. The word “ in ” would have been more appropriate, but no one could misunderstand the title. Assessments upon a part of the city, or upon property in the city, would naturally be inferred. I am inclined to think that the twelfth section, which provides that certain streets specified shall be repaved when necessary and kept in repair at the expense of the city, contains a different subject from that expressed in the title; but this does not invalidate the provisions embraced in the subject which is expressed.
If a local act contains a subject which is properly expressed in the title it is valid as to that subject, although invalid as to a subject not expressed. (50 N. Y., 553.)
The order must be affirmed, with costs.
All concur.
Order affirmed.