PEOPLE *ex rel.* FAULKNER V. TRUSTEES OF DANSVILLE.

*Certiorari — to whom to be directed — what errors may be corrected upon — Constitutional law — title to local act. Municipal corporations — error by trustees of.*

Where the acts of the trustees of an incorporated village are sought to be reviewed by certiorari the writ should be directed to the board of trustees, and not to the corporation; and the returns should be made by such trustees or by the clerk.

A statute was, in substance, one to amend the charter of the village of D. (Laws 1873, chap. 285); the conferring of power to create a debt for the purpose of supplying the village with water, being only one of the elements of the general subject. The title stated that it was an act to amend the charter; and all the provisions of the act were appropriate to an amendment of the charter. *Held*, that no matter how many particulars were embraced in the statute, they, together, embraced but one subject, and it was not material that the title of the act mentioned one of those particulars and omitted the others.

It was alleged that the tax payers of a municipal corporation had not voted in favor of creating a debt for water-works. A resolution was passed by the trustees, and published, setting forth the question to be voted on and the form of the ballot to be used. *Held*, that the form of the ballot was wholly within the control of the trustees; and that even if there had been evidence that the trustees intended any deception, or that anybody was deceived by it, it would not have furnished any ground for reversing the proceedings; because it would have shown an error legislative, and not judicial, in its character.

CERTIORARI upon the relation of Lester B. Faulkner directed to "The trustees of the village of Dansville," a municipal corporation created by an act of the legislature. Laws of 1853, chap. 304.

The writ sought to review the proceedings of the corporation under and by virtue of the supposed authority of an act of the legislature, passed April 24, 1873, entitled "An act to authorize the village of Dansville to create a debt for the purpose of bringing water into said village for protection against fires, and to amend the charter of said village." Laws of 1873, chap. 285.

The writ specified eight causes of complaint in regard to the proceedings of the respondents, the last of which was, that the act of 1873 was unconstitutional and void, and did not give any just authority or jurisdiction to the trustees to create any debt against the village.

The writ alleged the following grounds of error:

1. That the trustees have erroneously determined and decided that the question of the creation of the debt has been submitted to the tax payers of the village.

2. That they have erroneously decided that a majority of the tax payers present and voting have voted in favor of the creation of such debt.

3. That they have erroneously decided that they are authorized by said act, and the proceedings under it, to create a debt.

4. That they have erroneously decided and determined to change or abandon the plan published before the election, and to lay wooden pipes, and create a debt therefor.

5. That they have erroneously determined to lay the water-pipe only on Main street, in said village.

The questions arising upon the writ, and the return thereto, appear sufficiently in the opinion.

*S. Hubbard* and *H. R. Selden*, for relator.

*Jno. A. Vanderlip*, for respondents.

GILBERT, J. We think the writ of certiorari should have been directed to the board of trustees instead of the corporation; and that the return should have been made by them, or by the clerk. By the eighth section of the village charter, the trustees are required to form a board, and the next section requires the clerk to attend all meetings of such board, to record their proceedings, and to deliver such record over to his successors. Laws 1853, chap. 304. *Re Mt. Morris Square*, 2 Hill, 23; *People* v. *Colwell*, 6 Abb. 151.

But as an amendment of this defect might be allowed, we will consider the material objections of the relator. It is said the statute, which authorizes the proceeding, violates section 16 of article 3 of the constitution. We shall not spend much time on this, for the learning pertaining to it has been pretty nearly exhausted in previous cases. We think this act fairly meets the test, declared in the last reported decisions of the court of appeals, on this subject, that if the title of an act fairly and reasonably announces the subject, and it is a single one, and if the various parts thereof relate to that, it is sufficient. *Re Mayer*, 50 N. Y. 504.

The act is in substance one to amend the charter of the village.

The conferring of power to create a debt, for the purpose of supplying the village with water, is only one of the elements of the general subject. All the provisions of the act are appropriate to an amendment of the charter, and no matter how many particulars are embraced in the statute, they together constitute but one subject. Nor is it material that the title mentions one of those particulars and omits the others; since it does state that it is an act to amend the charter.

It sufficiently appears that a survey and estimate were made and published, as provided by sections 3 and 4 of the act. But if there were irregularities in these parts of the proceedings, they were not of a kind that can be corrected by means of a certiorari, being only executive and not judicial acts. It is alleged that the tax payers have not voted in favor of creating the debt. We think otherwise. A resolution was passed and published, setting forth the question to be voted on, and the form of the ballot to be used. The form of the ballot was wholly within the control of the trustees; and there is no evidence before us that they intended any deception, or that anybody was deceived by it. If such evidence had been given, it would not have furnished ground for reversing the proceedings, because it would have shown a legislative error, and not a judicial one, in its character. For the reason last stated, the other error alleged, namely, the change of plan, and of pipes, cannot be reviewed upon a certiorari.

Upon the whole case, the writ must be quashed, with costs to be paid by the relator.

*Certiorari quashed.*