In the Matter of the Petition of EUGENE KETTELTAS to vacate an Assessment for Curb, Gutter and Flagging.

*Neglect of duty by public officer not presumed — Designation of newspaper — not necessarily an employment of it — its acceptance necessary — § 7, chapter 580, 1872.*

The court will not presume that a public officer has neglected his duty.
The mere proof that a newspaper is designated to publish the official proceedings, without proof of its acceptance of the appointment, is not sufficient to show that it is an advertising organ of a city.
The failure to publish proceedings relative to assessments in the city of New York, does not justify the vacating of the assessment, since the passage of section 7, chapter 580, of 1872. (Davis and Brady, JJ.)

Appeal taken by the Mayor, etc., of New York, from an order vacating an assessment.

The petitioner filed in the Supreme Court the following petition :

"The petition of Eugene Ketteltas respectfully shows to this court:

"That at the times hereinafter mentioned your petitioners were, and still are, the owners respectively of the lots hereinafter described. That on the 24th day of February, 1869, an assessment list was confirmed, whereby an assessment for curb, gutter and flagging East street, between Grand and Broome streets, in the city of New York, was imposed upon certain lots known and distinguished on said assessment list by the ward numbers 1162, 1163, 834, 835, 944.

"That said assessment is irregular and void for the following reasons :

"*First.* That previously to the laying of the aforesaid pavement, or curb, gutter and flagging, the said street has been paved or curbed, guttered and flagged, and an assessment therefor levied upon said lots, and paid, and this new assessment is without authority of law.

"*Second.* That the resolution and report of the committees of the common council recommending said work, were not published two days in all the newspapers employed by the corporation before said resolution was passed and adopted by the respective boards of the common council, nor was any or either of them, nor any notice thereof ever published as required by section 7, of the amended charter of 1857.

"*Third.* That there was no authority of law for laying any assessment for said work.

" Therefore, your petitioners pray that said assessment, so far as it affects the said lots of your petitioners, be adjudged irregular and void, and be vacated and set aside, and the lien therefor cease and be canceled."

The petitioner made affidavit that, at the time of the confirmation of the assessment, the petitioner was the owner of, and still is liable to pay the assessment, imposed on the lots in the petition described. The assessment was confirmed February 24, 1869, and was duly entered in the department of public works, and in the office of the clerk of arrears.

The petitioner put in evidence the following:

" DEPARTMENT OF FINANCE, }
" COMPTROLLER'S OFFICE, *July 6th,* 1867. }

" *To the Honorable the Common Council:*

" GENTLEMEN.— I have honor to inform you that, in pursuance of the provisions contained in the first section of the act, chapter 586, Laws of 1867, I have selected and designated the following named daily and weekly newspapers, 'wherein the proceedings of the common council, or either branch thereof, and the notices of its committees, shall be published' during the year 1867, viz.:

" *Daily.*

| "Date of appointment. | Name of paper. |
| --- | --- |
| "July 1, 1867 | The N. Y. Daily Transcript. |
| 3, 1867 | The Evening Express. |
| 3, 1867 | The Daily News. |

" *Weekly.*

| | |
| --- | --- |
| "July 1, 1867 | The New York Leader. |
| 1, 1867 | The New York Citizen. |
| 1, 1867 | The New York Atlas. |

" Annexed is a copy of the instructions sent to each of the papers designated.

" Respectfully submitted,

" (Signed.)        RICHARD B. CONNOLLY,

" *Comptroller.*"

The counsel for the petitioner produced in evidence the proceedings of the common council, whereby it appears that the resolution

authorizing this work, was introduced into the board of aldermen, April 4, 1868, and adopted by it May 7, 1868; and that it was introduced into the board of councilmen, May 11, 1868, and adopted May 14, 1868.

He also proved, by affidavit, an examination of the files of the New York Leader, between April 4, 1868, and May 14, 1868; and that no ordinance of the common council, relating to this work, was found there. The counsel for the petitioner also showed that the lots in question were assessed for such work, and the amount paid.

*E. Delafield Smith*, for the appellants.[*]

*Neville & Andrews*, for the respondent.

DAVIS, P. J. :

In this case, also, the petitioner has failed to establish any interest in the lots which entitles him to maintain the proceedings. The reasons assigned in the opinion in *In re Phillips*, are equally applicable to the present case. There was also an utter failure to prove the alleged defect. It was shown that the New York Leader was designated by the comptroller as one of the papers to publish the proceedings of the common council, pursuant to the first section of chapter 586, of the Laws of 1867, but the designation was limited by its terms to the year 1867. All the proceedings in this matter took place in 1868. The absence of notices, etc., in the New York Leader in 1868, may quite as readily be accounted for, perhaps, by presuming the non-designation of that paper for the year 1868, or by the termination of its employment (which, under the designation proved, could only *regularly* have been for the year 1867), as by the presumption that the officers of the city were guilty of a neglect of official duty. It is quite certain that no proof was given that the Leader was appointed for 1868, unless it is to be found or inferred from a certificate which in terms designated that paper "*during the year* 1867." And to treat the proof given, as evidence of a fatal defect, it is necessary to presume a double neglect of duty on the part of

[*] For cases cited by counsel, see Phillips v. Mayor, etc., page 214.

public officers; first, that the comptroller neglected to make any designation for the year 1868; secondly, that the common council neglected to publish its proceedings in all the papers employed by the city. Again, if the designation of the Leader for 1868, can be inferred, that alone was not sufficient proof that that paper in fact became one of those employed by the city. The proof given was only one step toward proving such employment, and, as the paper was not bound by the mere act of designation, there was a fatal insufficiency in the proof given. I am of opinion, also, that had the alleged defect in the publication been proved, the seventh section of the act of 1872 * operates to prevent the vacating of the assessment on any such ground, and that this case is not within the exception contained in that section. † ·

The order appealed from should therefore be reversed, with ten dollars costs and disbursements, and the petition denied, with ten dollars costs of the court below.

BRADY, J., concurred; DANIELS, J., concurred, but without deciding what effect the act of 1872 should have in the case.

Order reversed and petition denied.

* Sess. Laws 1872, chap. 580.

† Lennon case, 55 N. Y., 361; Matter of Antwerp, same court; In re Mayer, 50 N. Y., 504.