IN THE MATTER OF THE PETITION OF ELLEN S. AUCHMUTY TO VACATE AN ASSESSMENT, ETC.

*Local assessment in city of New York — chap.* 580 *of* 1872 — *certificate of commissioners — effect of.—Fraud.*

Where the commission, appointed under chapter 580 of 1872, certifies as to a contract for local improvements in the city of New York, that no fraud has been perpetrated in relation to said contract or the performance thereof, such certificate is conclusive and the court will not go behind the same.

A contract was made for setting curb and gutter stones and flagging First avenue, from Sixty-fifth to Eighty-sixth streets, no charge being made for flagging, but only for curbing and guttering. In making up the assessment roll no charge was made against these lots, in front of which the curbing and guttering, but not the flagging, had already been done; it nevertheless appeared that the commissioners had acted in entire good faith. *Held,* that although the assessment was erroneous, as the last mentioned lots should at least have been assessed for their just proportion of the rock excavation, and the expense of surveying and supervision, yet it was not fraudulent in such a sense as to authorize the vacation of the assessment under chapter 312 of 1874.

*In the Matter of Casey* (5 Hun, 463) distinguished.

A general notice that an assessment roll is completed, simply defining the territorial limits of the assessment, is not evidence of any fraudulent intent.

APPEAL from an order vacating an assessment.

The petitioner, Ellen S. Auchmuty, in this case, among other things, alleged :

" That at the times hereinafter mentioned she was, and still is, the owner of the lots hereinafter described, and is the person aggrieved by the assessment hereinafter mentioned.

" That, on the 20th of February, 1873, an assessment list was confirmed, whereby an assessment for setting curb and gutter stones, and flagging First avenue from Sixty-fifth to Eighty-sixth street, in the city of New York, was imposed upon certain lots, known and distinguished on said assessment list by the ward numbers, 1, 2, 3, 4, 47 and 48, in block 94.

" That said assessment is irregular and fraudulent and void for the following reasons :

" I. That the resolution and report of the committees of the common council, and the votes of the respective boards, recommending and authorizing said work, were not published in all the newspapers employed by the corporation, as required by section 7 of the amended charter of 1857.

" II. That the contract made for the performance of said work was entered into without having first advertised for proposals for the same, as required by the amended charter of 1857, and section 104 of chapter 137 of the Laws of 1870 ; nor was said contract founded on sealed bids or proposals, made in compliance with public notice, duly advertised in newspapers of the city.

" III. That opposite some of the lots on the line of said work curb, guttering and flagging was done ; opposite other lots only curbing and guttering was done, and opposite other lots flagging alone was done.

" IV. That, in pursuance of section 1 of chapter 171 of the Laws of 1841, the board of assessors of the city of New York caused a notice to be published in the following words :

" CORPORATION NOTICE. — Public notice is hereby given to the owner or owners, occupant or occupants, of all houses and lots, improved or unimproved lands, affected thereby, that the following assessments have been completed, and are lodged in the office of the board of assessors for examination by all persons interested, viz. : *   *   *

" 16. For curbing and flagging First avenue from Sixty-fifth to Eighty-sixth street.   *   *   *

" The limits embraced by such assessment include all the several

houses and lots of ground, vacant lots, pieces and parcels of land situated on * * *

" 16. Both sides of First avenue, from Sixty-fifth to Eighty-sixth street.

" That no other or further or different notice relating to said work was published by said board of assessors, pursuant to said act of 1841.

" V. That the petitioner was misled by such notice, and the same was fraudulent and false in the following respects, to wit : The following described lots are situated within the limits described by said notice, and work was done in front of the same, but no assessment was laid on any of said lots for the cost of said work, that is to say, lots described in said assessment list as ward numbers 23 to 30, inclusive, in block 199 ; maps numbers 153 to 160, inclusive ; ward numbers 23, 24, 25, 26, 27, in block 201 ; ward numbers 1, 2, 3, 4, 48, 49, 50, block 102 ; numbers 47, 48, 49, 50, 4½, 4, 3, 2, 1, block 111 ; 1, 2, 4, 47, 48, 49, 5, block 110.

" VI. That the board of assessors have not made a just and equit-able assessment of the expense of said work among the owners or occupants of all houses and lots benefited by said work, in pro-portion, as nearly as may be, to the advantage which each has acquired ; on the contrary, the said lots last above described are benefited by said work, but are not assessed at all for the expense thereof ; that many other lots within the limits described in said notice, opposite which only curbing and guttering was done, are assessed as much as other lots of the same front on the line of the work opposite which curb and gutter stones are set and flag stones laid.

" Therefore, the petitioner prayed that the assessment, so far as it affected the lots of the petitioner, be adjudged irregular and void, and be vacated and set aside, and the lien therefore cease and be canceled."

The petition was filed under chapter 338 of 1858, and chapter 312 of 1874.

The contract in this case also appears to have contemplated cer-tain rock excavation.

*J. A. Beall*, for the appellant.

*T. F. Neville*, for the petitioner, respondent.

DAVIS, P. J.:

The court below vacated the assessment, saying: "This case seems to fall within the decision of the General Term in the case of Michael Casey, and the assessment is therefore vacated." *In Re Casey* (a brief note of which is given in 5 Hun, 463), no reason whatever was shown for the omission to assess the block between Sixty-fifth and Sixty-sixth streets; and the court said: "No reason was given why that omission should have been made, and none can, from the papers before the court, be imagined consistent with the lawful discharge of the duties of the assessor. The omission of the expenses of making it (to wit, the expenses of setting curb and gutter stones between Sixty-fifth and Sixty-sixth streets) has not been presented, and, consequently, it must have been imposed on the other property through which the residue of the improvement extended.

"That could hardly have been the result of accident or mistake. The omission of one entire block, and the assessment of the work done through it upon the other property benefited, was so important a matter as to be consistent with nothing less than a design to make it. If that had been otherwise, it should have been, but was not, shown; and without any thing excusing or justifying it, the release of one block from its proportion of the expense, and the imposition of it upon others receiving little or no benefit from that part of the work, was a fraud upon the owners of the property assessed for it."

The omission which led to the conclusion of the court in *The Matter of Casey* is in this case fully supplied, for it is in this case shown by the papers now produced, that on the block between Sixty-fifth and Sixty-sixth streets the setting of curb and gutter stones and flagging were done by the property owners before the confirmation of the assessment; and the evidence of the chairman of the board of assessors shows that the contractor who did the work made no charge, except for the curbing and guttering; and that in front of many of the lots on the line of said improvement curbing and guttering had been done before the contractor had begun his work; that such curbing and guttering already laid was not interfered with in any way by the contractor; and that in laying the said assessment, the board of assessors imposed the assess-

ment only upon those lots in front of which curbing and guttering were done under the contract.

These facts make an entirely different case from that presented in *The Matter of Casey*, and the court below erred, therefore, in supposing that *The Matter of Casey* was controlling of this case.

The petition in this case was not based upon any alleged repaving of the street. It proceeds altogether upon alleged fraud. Upon such a petition, as was said by CHURCH, Ch. J., in *The Matter of Mayer* (50 N. Y., 504, 508), "the grounds for vacating assessments are restricted to actual fraud."

It is claimed, on the part of the petitioner, that there was fraud in the making of the contract for the work done, which vitiates the assessment. But this contract had passed through the purifying process provided for by chapter 580 of the Laws of 1872, and the commissioners created by that act had certified that no fraud had been perpetrated in relation to said contract or agreement, or in the performance thereof.

It was held by this court, in *The Matter of Peugnet* (5 Hun, 434) and in *The Matter of Casey* (*ubi supra*), that the contract upon which such certificate had been given was ratified and confirmed by the provisions of the act as soon as the certificate was made. We are not, therefore, to go behind the certificate to inquire whether the "balanced" or irrational bids of the contractor were such as to render the contract fraudulent. It is not necessary to say what our conclusion would be if that question were an open one.

The only remaining question is, whether, upon the facts shown, the assessors were guilty of such fraud in making the assessment as requires us to set it aside? It would appear, from the testimony of the chairman of the board of assessors, that in laying the assessment the board imposed an assessment only upon those lots in front of which curbing and guttering were done under the contract; that is to say, they exempted from the assessment all the lots where the flagging, curbing and guttering had previously been done by the owners of the lots, and all where only the curbing and guttering had previously been done. Flagging was done in front of the last-named lots. The latter exemption (to wit, in the case where curbing and guttering had been done, and flagging was done under

the contract) was based upon the fact that no charge was made by the contractor, and none entered into the assessment, for the flagging so done, because by his contract he agreed to do all flagging without pay.

This, we think, was an erroneous mode of making the assessment, for certainly these lots should, at least, have been assessed for their just proportion of the rock excavation, and of the expense of surveying and supervision.

The whole amount of these items could not properly be imposed upon lots where guttering and curbing had not been done by the owners. But it is evident to us, from the papers before us, that the assessors acted in perfect good faith in making the assessment in this form, and under the belief that the lots in front of which no curbing and guttering was done, because the owners themselves had performed that work, were entitled not to be assessed, although flagging under the contract was done in front of them. This error was one which might have been corrected by a *certiorari* to review the action of the assessors; but as it lacks the essential element of fraud, upon which alone the present peculiar form of proceeding can be upheld in such a case as this, we are not at liberty to declare the assessment wholly void. It is claimed, on the part of the petitioner, also, that the form of notice that the assessment roll was completed is in itself a fraud, upon which the order of the court below should be sustained. The notice is in the ordinary form, and it is given to the owners and occupants of all houses and lots, improved and unimproved land, affected by the assessment; and the statement contained in such notice that the limits embraced by such assessment included all the several houses and vacant lots, pieces and parcels of land situate on both sides of First avenue from Sixty-fifth street to Eighty-sixth street, simply defines the territorial limits within which all the assessments for that particular improvement had been made.

This is a notice that puts everybody within the defined limits, upon inquiry as to the amount of his own assessment, and the purposes for which it was made, and is not, in our judgment, evidence of any fraudulent intent of the assessors to conceal any important fact.

We are of opinion, therefore, that the order of the court below

should be reversed, with ten dollars costs and disbursements, and the proceedings remanded for a rehearing.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements; proceedings remanded for a rehearing.