IN THE MATTER OF THE PETITION OF MARSHALL O.
ROBERTS TO VACATE CERTAIN ASSESSMENTS.

*Chap. 86 of 1813 and chap. 302 of 1859, creating assessors in New York city —
are constitutional — Chap. 308 of 1861 — is not an unlawful delegation of the
taxing power.*

Chapter 86 of 1813 and chapter 302 of 1859, providing for the appointment of
assessors, charged with the duty of making the estimates and assessments for
local improvements in the city of New York, are constitutional and valid.
Chapter 308 of 1861, creating the board of revision and correction is not unconsti-
tutional, because it delegates the taxing power to persons not elected by or
responsible to the people.

APPEAL from an order made at Special Term, denying the
petitioner's application to vacate certain assessments.

*John J. Townsend*, for the petitioner, appellant.

*J. A. Beall*, for the City of New York, respondent.

*Per Curiam:*

An examination of the proceedings in this matter fails to reveal
any ground for vacating the assessment complained of, and we
might, perhaps, with propriety, rest our decision upon the brief
opinion expressed by Mr. Justice LAWRENCE on denying the
petitioner's application. But we think it better to elaborate the
views expressed by him. The act of 1813 (chap. 86) directs
the mode in which the expenses of local improvements shall be
ascertained and assessed. It provides that the mayor, etc., shall
appoint such skillful and disinterested persons as they may think
proper, to make the estimate and assessment of the expenses. In
1859 (Laws of 1859, chap. 302, sec. 15) the Legislature provided
for the appointment of a permanent board of assessors, charged
with the duty of making the estimates and assessments for local
improvements required by law. The proceedings herein were in
conformity to these statutes. The assessors, however, acted not
only under the act of 1859 (*supra*), but were specially directed and
appointed to do so by the mayor, etc., by ordinance. They had

power to declare the expenses of the improvement, and to make the assessment and distribution of such expenses among the owners of the property benefited in proportion to the benefit. They aver that they have discharged this duty, and it appears that it was done in the usual way in which such estimates and assessments are made. The exercise of this power was long since sustained, and has not been heretofore questioned that we are aware of. (*Manice* v. *Mayor*, etc., 8 N. Y., 120; *Wetmore* v. *Campbell*, 2 Sandf., 341.)

The assessment made was confirmed by the board of revision and correction of assessments, and they had full and exclusive authority in the premises. (See Laws of 1861, chap. 308, § 1; Laws of 1872, chap. 580, § 6; *In re Tappen*, 36 How., 390; *In re Mayer*, 50 N. Y., 507, 508.)

The learned counsel for the appellant, in an elaborate brief, has presented his points upon the questions involved in this appeal, and among others urges the unconstitutionality of the act by which the board of revision and correction of assessments was created. But we regard his argument as an assault upon the system of taxation now existing in this municipality, which may, probably, from the views expressed by him, require some interference on the part of the Legislature. We are not authorized to interfere with this system, whatever we may think about it. It is enough for our disposition of the appeal to know that the laws have been observed, and that they are not, nor is any of them unconstitutional.

The proposition that the creation of the board of revision and correction, under the act of 1861 (*supra*), is unconstitutional, because it purports to delegate the taxing power to persons who are not the chosen representatives of the people, nor responsible; and because it confides to them a political power, cannot be sustained.

We regard the decision *In re Zborowsky* (68 N. Y., 91, 92), as conclusive upon this question. In that case it appeared that power to construct sewers was taken away from the common council and vested in the Croton aqueduct board by chapter 381 of the Laws of 1865 ; and it was claimed that the act was unconstitutional as taking the power away from the municipality ; yet the court held that the power was still continued in the corporation, but was exercised through the Croton aqueduct board. The sixth section

of the act of 1861 provided that the expense incurred by the Croton aqueduct board in pursuance of the act, including the cost of the land, should be assessed upon the property benefited by the improvement made; and that such assessment should be laid, confirmed and collected in accordance with the law relative to assessments then in force in this city; and this conferred upon that board a *quasi* taxing power. They were, however, the mere agents or representatives of the municipality in the exercise of this authority.

In conclusion it may be said that whatever is done by the respective persons or departments, called into requisition in the perfection of such a proceeding as this, is done by persons acting on behalf of the municipality, and under a system established by law, the value and propriety of which, though it may be subject to criticism, is not illegal.

The order should be affirmed.

Present — BRADY, P. J., and INGALLS, J.

Order affirmed.