In the Matter of the Petition of the Trustees of the LEAKE AND WATTS ORPHAN HOME IN THE CITY OF NEW YORK, to Vacate an Assessment.

The provision of the act of 1873, entitled "An act to provide for the Eastern boulevard in the city of New York, and in relation to certain alterations of the map or plan of said city, and certain local improvements" (§ 4, chap. 528, Laws of 1873), authorizing the department of public parks to do the work "of regulating, grading or otherwise improving Tenth avenue," authorized the construction of a sewer in said avenue.

Under said provision the department was authorized to do the work of constructing such a sewer, or any part thereof, by day's work.

In proceedings to vacate an assessment for the construction of such a sewer, *held*, that in the absence of evidence that there was no connection or relation between the portion of Tenth avenue specified in the act and the Eastern boulevard, for the purpose of sustaining the constitutionality of the act, the connection was to be assumed; and, therefore, that said act was not violative of the provision of the State Constitution (Art. 3, § 16), declaring that no local or private act shall contain more than one subject, and requiring that to be expressed in the title.

The greater portion of the work was done by day's work. It appeared that rock excavation cost over $14 per cubic yard, pipe culvert $7.05 per lineal foot, and brick sewer $25 per lineal foot, while the fair value was rock excavation $4 per cubic yard, pipe culvert $1.50 per lineal foot and brick sewer $4.55 per lineal foot. *Held*, that the evidence disclosed not merely a case of improvidence and extravagance, but sufficiently established fraud or irregularity.

But *held*, that the petitioner was not entitled to have the assessment wholly vacated; and that an order reducing it, by striking out the amount added by reason of such fraud or irregularity, was proper.

Also *held*, that an objection that the petition contained no averments of fraud affecting the assessment, not having been taken at Special Term, would not be heard here.

(Argued March 20, 1883 ; decided March 30, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 2, 1882, which affirmed an order of Special Term which reduced an assessment upon certain lots of the petitioner in the city of New York for constructing a sewer in Tenth avenue in said

city between One Hundred and Tenth and One Hundred and Fourteenth streets.

The material facts are stated in the opinion.

*John C. Shaw* for appellant. The work done in the year 1875 by day's work was illegal and unauthorized, being in violation of the ninety-third section of the charter of 1873, and cannot be the foundation of a valid assessment. (*In re Emigrant Sav. B'k*, 75 N. Y. 388 ; *In re Robbins*, 82 id. 131 ; *In re Weil*, 83 id. 543 ; *In re Stephens*, 26 Hun, 22 ; *In re Holly*, 25 id. 119 ; *In re Lange*, 85 N. Y. 307.) Chapter 528 of Laws of 1873, is unconstitutional so far as regards the last provision relating to Tenth avenue, being in violation of article 3, section 16 of the Constitution. (*People* v. *Hills*, 35 N. Y. 449 ; *People* v. *Comm'rs of Highways*, 53 Barb. 70 ; *People* v. *Com. Council of Brooklyn*, 13 Abb. [N. S.] 121; *People* v. *Briggs*, 50 N. Y. 553 ; *Matter of Sackett St.*, 74 id. 95 ; *Matter of Roberts*, 89 id. 618; *In re Eager*, 46 id. 100 ; *Coffin* v. *McLean*, 80 id. 564; *In re Emigrant Sav. B'k*, 75 id. 388.) The case presents a clear and unmistakable case of fraud. (*In re Mead*, 74 N. Y. 220.) The petitioner is not liable to be assessed even for the fair value of the work as claimed by the city, the same having been done in violation of law or under such circumstances as to amount to a fraud. (*In re Raymond*, 21 Hun, 229 ; *In re Robbins*, 82 N. Y. 131 ; *In re Stephens*, 26 Hun, 22.)

*D. J. Dean* for respondent. The commissioner of public works was clothed with full power to build the sewer in question by day's work. (Laws of 1873, chap. 528, § 4.) The objection of fraud in incurring the expense is not available to the petitioner here. (Moak's Van Santvoord's Pleading, 316 ; *Mc-Murray* v. *Thomas*, 5 How. Pr. 14 ; *Barber* v. *Morgan*, 51 Barb. 116.) Mere excess of cost will not show fraud, and collusion must be proved. (*Jaeger* v. *Kelly*, 52 N. Y. 274; Story's Eq. Jur., §§ 244, 245 ; *Davidson* v. *Little*, 22 Penn. St. 245, 251; *In re Eightieth St.*, 31 How. 99 ; *Kingsley* v. *Brooklyn*,

7 Abb. N. C. 42.)   The objection to the constitutionality of the act is not available to the petitioner, not being stated in the petition.   (*Rich's Case*, 12 Abb. 118; *Miller's Case*, id. 121; *Horne's Case*, id. 124; *In re Eager*, 46 N. Y. 109.)   The title is quite sufficient to fulfill the constitutional requirement. (*Matter of Dep't Pub. Parks*, 86 N. Y. 440; *Matter of Sackett St.*, 74 id. 95; *Harris* v. *People*, 59 id. 596; *Matter of Mayer*, 50 id. 506; *People* v. *Briggs*, id. 553.)   If the commissioner of public works was authorized to do the work by day's work, the utmost extent of the petitioner's grievance is the increase in cost of the work done under that system, above the fair and reasonable value thereof.   (*In re Merriam*, 84 N. Y. 596; *In re Mut. L. Ins. Co.*, 89 id. 530.)

EARL, J.   The cost of the work for which the assessment in question was made was $35,214.25.   Of this sum $16,292.60 was assessed upon the property owners, and $18,921.65 upon the city.   The sum of $33,804.78 was the expense of work done by day's work, and $1,318.47 was the expense of work done by contract.   The cost of work done by day's work was as follows:

| | |
|---|---:|
| 1350 cubic yards of rock excavation at $14, 087, | $19, 018 86 |
| 1 receiving basin .............................. | 363 22 |
| 23.93 lineal feet 12-inch pipe at $7.05.......... | 168 79 |
| 562.17 lineal feet brick sewer at $25.35 ........ | 14, 253 91 |
| Total................................... | $33, 804 78 |

The work done by contract let at a public bidding was:

| | |
|---|---:|
| 2 receiving basins at $95 each .................. | $190 00 |
| 10 lineal feet 12-inch pipe at 70c ............... | 7 00 |
| 433 lineal feet of brick sewer at $2.59 .......... | 1, 121 47 |
| Total ................................. | $1, 318 47 |

All the evidence upon both sides showed that the expense of the work done by day's work was very extravagant, largely, several times in excess of what the work ought to have cost. It was found by the judge at the Special Term, that the fair value for the rock excavation per yard was $4 ; the brick sewer $4.55 per lineal foot, the pipe culvert $1.50 per lineal foot, and the receiving basins $125 each; and he ordered a reduction of the assessment based upon those figures. Both parties have appealed, the petitioner claiming that the assessment should have been entirely vacated, and the city that no reduction whatever should have been made.

We are of opinion that the department of public works was authorized to construct this sewer by virtue of section 4, chapter 528 of the Laws of 1873, which contains the following provision : " The department of public works is hereby authorized to contract for and let to the lowest bidder the work of regulating, grading and otherwise improving Tenth avenue between the said One Hundred and Tenth street and Manhattan avenue, so as to connect both of said boulevards, requiring in such contract adequate security in addition to that now required by law for the proper protection of and against danger to the Croton aqueduct. Should, however, the commissioner of the said department deem it more advisable for the interest of the public and for the better protection of the Croton aqueduct, to do the said work, or any part thereof, by day's work, then he is so authorized to do, and in such manner as may be approved by the chief engineer of the Croton aqueduct department." ·

It is true that there are no express words in the section authorizing the construction of the sewer; but we may take notice of the fact that sewers in the city of New York are incidents of the streets constructed, in part at least, for the purpose of draining the streets and protecting them against water. They are generally to be found in all the principal streets of the city. They are laid below the pavements of the streets, and unless they are constructed before the streets are regulated, graded and paved, the streets would have to be torn up and the pavement removed in order to construct them. And hence we

think that the words, "regulating, grading and otherwise improving Tenth avenue," are sufficiently broad to authorize the construction of a sewer in the avenue.

The claim on the part of the petitioner, that the department of public works was not authorized to do any of the work by the day is not well founded. It is too clear for dispute, that express authority, in plain language, was given to do the work by day's work if the department of public works should deem that method more advantageous for the interest of the public, and the better protection of the Croton aqueduct.

We are of opinion that chapter 528 was not in violation of section 16 of article 3 of the Constitution. The title of the act is as follows: "An act to provide for the Eastern boulevard in the city of New York, and in relation to certain alterations of the map or plan of said city, and certain local improvements in connection therewith to amend chapter 626 of the Laws of 1870." The subject of this act, as expressed in its title, is the Eastern boulevard and the alteration of the map or plan of the city, and certain local improvements so far as they are connected with the boulevard. All the work authorized by the act was part of one improvement, one system. By referring to chapter 626 of the Laws of 1870, and to section 4 of chapter 528 it appears that Tenth avenue above One Hundred and Tenth street was in some way connected with the Eastern boulevard and was expected to be used therewith. It was to be improved so as to connect the two portions of the boulevard. How intimate or important its connection was does not precisely appear. There is no proof, however, showing that it had no connection with, or relation to, the boulevard, and for the purpose of sustaining the constitutionality of the act we must assume that it had. Hence there was but one subject and the title was sufficient within the following authorities. (*Matter of Mayer*, 50 N. Y. 504; *People, ex rel. City of Rochester*, v. *Briggs*, id. 553; *Harris* v. *People*, 59 id. 599; *Matter of Sackett Street*, 74 id. 95; *Matter of the Department of Public Parks*, 86 id. 440.) Assuming, therefore, that the petitioner has the right under his petition to raise this consti-

tutional objection, we are of the opinion that it is not well founded.

We think fraud or irregularity was sufficiently established. An expenditure of $14 per cubic yard for rock excavation which should have cost but $4 ; of $7 per foot for pipe which should have cost but $1.50 ; of $25.35 per lineal foot for brick sewer which should have cost but $4.55, shows not merely a case of improvidence and extravagance, but very satisfactorily that there was either gross fraud, imposition, mistake or irregularity, and fully justifies the finding of the court at Special Term. If the difference in the prices had been such only as could fairly be accounted for upon the theory that the work had been merely improvidently, or perhaps extravagantly done, a case would not have been made for the interference of the court. But here there was more, and the facts lead irresistibly to the conclusion that there was either fraud or some unexplained irregularity.

The claim of the petitioner that the assessment should have been entirely vacated is not well founded. All it can ask under the statutes is, that the amount which has been added to his assessment, otherwise valid, by fraud or irregularity, should be eliminated therefrom, and this relief the Special Term granted.

It is claimed on the part of the city that there is no allegation in the petition of any fraud affecting the assessment. The allegation in the petition is quite imperfect, but no objection to its sufficiency appears in the record to have been taken at the Special Term, and hence the objection should not be listened to here.

We do not understand the city to complain of the amount of the reduction of the assessment, in case any reduction is proper.

We are, therefore, of the opinion that the order appealed from should be affirmed, without costs to either party in this court.

All concur.

Order affirmed.