In the Matter of the Application of the Department of Public Parks, relative to the opening of certain streets.

The act of 1874 (Chap. 604, Laws of 1874), entitled "An act to provide for the surveying, laying out and monumenting certain portions of the city and county of New York, and to provide means therefor," is not violative of the constitutional provision (State Const., Art. 3, § 16), which declares that no local or private bill shall embrace more than one subject, and that shall be expressed in its title.

The words "laying out," as used in the title, include not merely the surveying and mapping, but also the opening of the streets.

(Argued October 4, 1881; decided October 18, 1881.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, made September 12, 1881, which affirmed an order of Special Term, denying a motion on the part of the corporation, in the city of New York, to set aside and vacate proceedings under the act, chapter 604, Laws of 1874, for the opening of One Hundred and Thirty-eighth and other streets in said city.

*D. J. Dean* for appellant. Chapter 604 of the Laws of 1874 is a local act. (*People* v. *Hills*, 35 N. Y. 449; *People* v. *O'Brien*, 38 id. 193; *People* v. *Briggs*, 50 id. 553; *Matter of Mayer*, id. 504.) The act of 1874 Chap. 604 is unconstitutional, for the reason that being a local act the subject of opening streets is not expressed in the title, as required by section 16, of article 3 of the Constitution. (*People* v. *O'Brien*, 38 N. Y. 194; *People* v. *Com'rs of Highways*, 53 Barb. 73; *People* v. *Hill*, 35 N. Y. 450; *Town of Fishkill* v. *F. & B. P. R. R. Co.*, 22 Barb. 634, 641, 642; *Durkee* v. *Janesville*, 26 Wis. 697; *People* v. *Allen*, 42 N. Y. 404; *People, ex rel. City of Rochester* v. *Briggs*, 50 id. 553; *Wenzler* v. *People*, 58 id. 536; *People* v. *Briggs*, 50 id. 556; *Brewster* v. *City of Syracuse*, 19 id. 116; *Connor* v. *The Mayor*, 5 id. 297; *Matter of Sackett, Douglass and DeGraw Streets*, 74 id. 95; *People, ex rel. The B'd of Comm'rs of Washington Park*, v. *Banks*, 67 id. 568, 572.)

*James A. Deering* for L. Tuquer and others, respondents. Chap. 604, Laws of 1874, authorized the application and is constitutional. Its title clearly expresses "the subject" to which all the sections of the statute are incidental and directly relate. (*Sweet* v. *Buffalo, N. Y. & R Co.*, 79 N. Y. 294; *Conner* v. *The Mayor*, 5 id. 297; 8 id. 241; 41 id. 137; 19 id. 116; 16 id. 58; *In the Matter of Meyer*, 50 id. 504.)

*Wm. Linn Tidball* for Christian H. Otten and others, respondents. The title of the act of 1874 (Chap. 604) is amply sufficient for the purpose intended, and the meaning is intelligently conveyed. (*Conner* v. *Mayor*, 5 N. Y. 285; *Sun Mut. Ins. Co.* v. *The Mayor, etc., of N. Y.*, 4 Seld. 253.) It is not essential that the title should declare the particular subject in order to meet the requirements of the Constitution, but it is sufficient if included in the general subject expressed. (*Nuendorf* v. *Duryea*, 69 N. Y. 557.) A law cannot be invalidated because the subject might have been more clearly and explicitly indicated in the title. (*The People, ex rel. The Board of Commrs. of Washington Park*, v. *Banks*, 67 N. Y. 568; *In the Matter of Volkening*, 62 id. 650.)

*John C. Shaw* for respondents. The act of 1874 (Chap. 604) is not unconstitutional on account of a defective title. (*Conner* v. *Mayor*, 5 N. Y. 285; *Sun Mut. Ins. Co.* v. *Mayor*, 8 id. 241; *Crowell* v. *Lawrence*, 41 id. 137; *Matter of Mayer*, 50 id. 504; *City of Rochester* v. *Briggs*, id. 553; *Matter of Tappen*, 36 How. 390; *Matter of Volkening*, 52 N. Y. 650.)

MILLER, J. The question in this case relates to the constitutionality of chapter 604 of the Laws of 1874, and the claim is, that being a local act the subject of opening streets is not sufficiently expressed in the title, as required by section 16 of article 3 of the Constitution. The act is entitled "An act to provide for the surveying, laying out and monumenting certain portions of the city and county of New York, and to provide means therefor." The act not only confers power to lay out, survey and monument, but certain provisions contained therein authorize the taking of proceedings, to acquire title and to pay for the land taken for that purpose. (See §§ 4, 5, 6, 7.) We are of the opinion that the title sufficiently expresses the subject of the act to which the various sections are incidental and to which they relate. The subject of the act is the improvement of streets, and the words "laying out," as used in the title, must be interpreted in a broad and liberal

sense, and not be restricted to a technical construction, which includes merely the surveying and mapping of the same as used, and for the purpose of expressing the subject in the title of the act, they may be regarded as covering the opening, for without such opening the laying out would be of no avail. The laying out is the main thing to be done, and as a part of the subject necessarily comprehends the opening which is absolutely essential before the completion of the work. This construction should especially apply to the title of acts of the legislature as distinguishable from statutes, in accordance with the evident intention of the framers of the Constitution, that such title should fairly and reasonably announce the subject, and so long as it is a single one and the various provisions thereof have respect to and relate to the same, and legitimately tend to accomplish the object to be attained, it is enough to satisfy the requirements of the Constitution.

The constitutional provision referred to does not require that the title should be exact and precise in all respects, and it is a sufficient compliance with its terms if this is done fairly and in such manner as to convey to the mind an indication of the subject to which it relates. The provisions of the act in question belong to one single act of legislation and could properly be included in the same. They have reference to local improvements, and all tend to the attainment of this general power. The authorities fully sustain this view of the question considered. (*Matter of Mayer*, 50 N. Y. 506 ; *People ex rel. City of Rochester* v. *Briggs*, id. 553 ; *Harris* v. *People*, 59 id. 599 ; *Matter of Sackett etc. Sts.*, 74 id. 95.)

The opinion of the Special and of the General Terms fully covers the question considered, and further elaboration is not required.

The order should be affirmed.

All concur, except FINCH, J., dissenting.

Order affirmed.