Grover v. Trustees of Ocean Grove Camp-Meeting Asso.

BARZILLA GROVER v. TRUSTEES OF THE OCEAN GROVE
CAMP–MEETING ASSOCIATION.

1. The legislature, in a grant of powers to municipal governments, may include in one act provisions for licensing hacks, and also power to license, regulate and prohibit the manufacture or sale of liquor, if the title prefixed to the act be so framed as to comply with the constitutional requirement.

2. The legislature may make the title of an act as restrictive as it pleases and may so frame the title as to preclude many matters being included in the act which otherwise might have been included in one act.

3. In an act entitled "An act to provide for licensing boats, hacks and other vehicles by incorporated camp-meeting associations or seaside resorts, and for the better government of the same," the legislature cannot include provisions authorizing the licensing, regulating or prohibiting of the manufacture or sale of liquor, such a subject not being within the legislative purpose as expressed in the title of the act.

On *certiorari* to Monmouth Pleas.   On a judgment against the plaintiff in *certiorari* on an appeal to the Common Pleas, this writ of *certiorari* was brought.

The plaintiff in *certiorari* was sued for a penalty of $20, incurred under and by virtue of an ordinance adopted by the Trustees of the Ocean Grove Camp Meeting Association on the 11th of May, 1881, entitled "An ordinance concerning the sale of intoxicating liquors." This ordinance declares that " it shall not be lawful for any person to manufacture, sell or barter any spirituous or fermented liquors of any kind whatever, wine, ale, beer or malt liquors of any kind or intoxicating liquors, preparations or substances of any kind whatever, within the premises of said association, or upon any pier or landing-place connected therewith and leading thereto, or for and within the territory embraced within the limit of one mile from any boundary of said premises;" and provides that " if any person shall violate any of the provisions of this ordinance he, she or they, on conviction before any justice of the peace, police justice or officer specially commissioned, pos-

sessing the powers of police justices for this corporation, shall be punished by a fine of twenty dollars, and, in addition thereto, by imprisonment in the county jail for twenty days, to be imposed at the discretion of such justice or officer aforesaid."

Argued at February Term, 1883, before Justices DEPUE, SCUDDER and REED.

For the plaintiff in *certiorari*, *J. Clarence Conover*.

*Contra*, *Chillion Robbins*.

The opinion of the court was delivered by

DEPUE, J.   The ordinance in question was adopted under or by virtue of the authority of an act of the legislature entitled "A supplement to the act entitled 'An act to provide for licensing boats, hacks and other vehicles, by incorporated camp-meeting associations or seaside resorts, and for the better government of the same,'" approved March 25th, 1881. *Pamph. L., p.* 270.   The first section of the supplement empowers the board of trustees, directors, managers, commissioners or other corporate authorities of any camp-meeting association or seaside resort, by ordinance or otherwise, to license, regulate and restrain the manufacture, sale or barter of spirituous or fermented liquors within the premises of the camp-meeting association or seaside resort, and within the limit of one mile from any boundary of said premises.

The complaint charges that the plaintiff in *certiorari*, on the 10th of August, 1882, at the township of Neptune, and within the territory embraced within the limits of one mile from the southerly boundary of the said camp-meeting association, sold liquor contrary to the said statute and said ordinance.

It will not be necessary to consider any of the reasons assigned for reversal except the one that relates to the constitutionality of the act of 1881 with respect to the authority to

pass ordinances on the subject to which the ordinance in question relates.

It is contended, in behalf of the plaintiff in *certiorari*, that the act of 1881 contravenes paragraph 4, of section 7, of article IV. of the constitution, which is in these words, viz. : " To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title."

It is insisted that the act of 1881 violates this.constitutional provision in two respects—first, in that the act embraces two objects, the licensing and regulation of boats, hacks and other vehicles used for the transportation of passengers and merchandise, and the licensing, regulating and restraining of the manufacture and sale of liquor, things having no proper relation to each other ; second, that the title of the act is such that under it the legislature could not constitutionally grant the power to license, regulate and prohibit the manufacture or sale of liquor.

The contention under the first head is wholly without support. The power to license and regulate boats, hacks and other vehicles used in the transportation of passengers or merchandise, and the power to license, regulate and prohibit the manufacture or sale of liquor, are of the class of police powers usually granted to a municipal government. They are powers appropriate for the maintenance of order, and have relation to the same common subject—the peace and good government of the municipality. We have no doubt that the legislature, under a title which shall conform to the constitutional requirement, may pass an act which shall embrace in it both these powers. *State* v. *Town of Union,* 4 *Vroom* 351 ; *Payne* v. *Mahon,* 15 *Id.* 213 ; *People* v. *Briggs,* 50 *N. Y.* 553.

The case turns, then, upon the other question, whether, under the title adopted by the legislature for this act, it was competent for the legislature to legislate upon the subject of licensing, regulating and restraining the manufacture or sale of liquor.

By the provision in question the framers of the constitution had two purposes in view, the first of which is expressed in the recital—" to avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other "—the combination of diverse subjects in a single act, whereby to secure the votes of members of the legislature, some of whom favor the one part, and others other parts, of the legislative scheme.   The other purpose was to prevent the passage by the legislature of bills containing provisions of which the title prefixed to the bill gave no intimation, and which, therefore, might be overlooked, and carelessly and unintentionally adopted, and also to apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered.   *Cooley on Const. Lim.* [143], 173.   To secure the end first mentioned the constitution positively interdicts the union in one act of subjects that have no proper relation to each other ; to secure the other end, it requires the legislature to express in the title of every act the subject to which it relates.

An act of the legislature which contains two or more subjects having no relation to each other, will, for that reason, be within the constitutional prohibition, although its title be comprehensive enough to embrace all the subjects contained in it.   So, on the other hand, an act which contains in it only such subjects as might properly be embraced in one act may be invalid as not being in compliance with the constitutional requirement with respect to its title.   Judge Cooley says : " The legislature may make the title of an act as restrictive as they  please, and they may sometimes so frame it as to preclude many matters being included in the act which might, with entire propriety, have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive.   *   *   *   The constitution has made the title the conclusive index to the legislative intent ; and it is no answer

to say that the title might have been made more comprehensive, if the legislature have not seen fit to make it so." *Cooley on Const. Lim.* [149], 179. The precedents in this state are in accordance with this view. *Rader* v. *Township of Union*, 10 *Vroom* 509–512; *Evernham* v. *Hulit, ante p.* 53. In each of these cases an act of the legislature which contained subjects the legislature might have embraced in one act was held to be unconstitutional as to one subject, because the title of the act was so framed as not to embrace it.

No particular form has been framed for the expression of the legislative purpose in the title of an act. As was said by Mr. Justice Miller, "the constitutional provision referred to does not require that the title should be exact and precise in all respects; it is a sufficient compliance with its terms if this is done fairly and in such a manner as to convey to the mind an indication of the subject to which it relates. *Matter of App. of Dept. of Public Parks*, 86 *N. Y.* 437–440; *In re Ferdinand Mayer*, 50 *Id.* 504; *Cooley on Const. Lim.* [144], 173. But the court must see that the language used in the title, on a fair construction, indicates the purpose of the legislature to legislate on the subjects contained in the body of the act, so that, making every reasonable intendment in favor of the legislative act, it may reasonably be said that the object of the law is expressed in its title. Thus, in *Town of Fishkill* v. *Fishkill, &c., Co.*, 22 *Barb.* 634, an act of the legislature was entitled "An act to release the Fishkill and Beekman Plank Road Company from the construction of part of their road, and *for other purposes.*" It contained eight sections, the first of which released the company from the obligation to build and maintain a plank road any further than the portion of the road which had been inspected and certified. The other sections conferred upon the corporation additional powers with respect to the road already constructed, and discharged it from past acts and engagements. The court held that, although all these provisions might have been included in one law, as they related to one general subject, the act was, nevertheless, unconstitutional with respect to the last seven

sections, for the reason that, so far as they were concerned, the object of the act was not expressed in the title. In *Coutieri* v. *Mayor of New Brunswick*, 15 *Vroom* 58, the title of the act was "An act to fix and regulate the salaries of city officers in cities of this state." The body of the act related only to salaries of officers in the city of New Brunswick. In a general sense the subject of the act was indicated in its title. But this court held the act to be unconstitutional, the Chief Justice, in delivering the opinion of the court, saying: "The title is both false and deceptive—false, as it imports a regulation of a class of cities, when, in truth, it is applicable to a single city—deceptive, because no one, on reading the act, could reasonably understand that the body of the act was to have so limited an effect." The standard uniformly adopted for determining whether the legislature has complied with the constitutional requirement is whether the title of the act is such that by it members of the legislature are informed of the subject to which the act relates, and the public notified of the kind of legislation that is being considered.

The counsel who argued for the validity of the act now before the court reads its title as if it were "An act for the better government of camp-meeting associations and seaside resorts," and he must sustain that reading in order to support this law. We think the title neither in grammatical construction nor in import will bear that rendering. The act is entitled "An act to provide *for* the licensing of boats, &c., and *for* the better government of the same." The intermediate phrase merely designates the authority by which licenses shall be granted—"incorporated camp-meeting associations or seaside resorts." If the government of these associations and places in every department of police powers was the object of the act, why was the licensing of boats, hacks and other vehicles—a limited part of the police powers appropriate to such a government—so prominently named in the act? There is much force in the argument of the counsel of the plaintiff in *certiorari*, that if the title had read that the licensing was to be by the commissioners, the title would not indicate a

legislative purpose to provide for the government of that body ; and the illustration is not inapt, for in the original act of 1878, and the amendatory act of March 8th, 1881, the power to pass ordinances for licensing and regulating cartmen, porters, hacks, &c., is granted to the board of trustees, directors, commissioners, or other corporate authorities of any incorporated camp-meeting association or seaside resort. *Pamph. L.* 1878, *p.* 133; *Pamph. L.* 1881, *p.* 83. The title on its face plainly indicates a purpose to legislate on the subject of the vehicles enumerated, and no member of the legislature, inspecting the title of this act, or with the original act before him, would be informed that under that title it was proposed to legislate on any other subject than that which was specially designated in it. Nor would the public be notified by the publication of the act by its title that the legislature proposed to consider any other subject than that specially named.

We think that under the restrictive title adopted by the legislature for this act, it was not competent for that body to legislate for licensing, regulating and prohibiting the manufacture and sale of intoxicating liquors, and that those provisions of the act, however salutary they may be, must fail, because of the non-compliance with the constitutional requirement.

The judgment should be reversed.