UNDERHILL *et al. v.* MANHATTAN RY. CO. *et al.*

(*Supreme Court, Special Term, New York County.*  December, 1891.)

1. CONSTITUTIONAL LAW—LAWS AFFECTING REMEDIES.
   Code Civil Proc. § 970, provides that "where a party is entitled, by the constitution, or by express provision of law, to a trial by jury of one or more issues of fact," the court must, on motion, cause "those issues to be distinctly and plainly stated for trial accordingly." Laws 1891, c. 208, amending this section, extends this right so as to embrace all actions "where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover." *Held,* that such amendment is not unconstitutional, as it affects the remedy only.

2. SAME—PENDING ACTIONS.
   This amendment applies to actions pending when it took effect as well as to actions subsequently brought.

3. RIGHT TO JURY TRIAL—WAIVER.
   The right to a jury trial under this amendment is not waived by the mere service of a notice of trial for the special term.

4. SAME—FEE DAMAGE.
   In an action to enjoin the operation of an elevated railway, as the question of fee damage does not arise on the pleadings, but arises, when it is found that plaintiff is entitled to the relief sought, only as an alternative, by payment of which defendant may avoid the injunction, a motion to have such question stated for trial, under Laws 1891, c. 208, will be denied.

5. TRIAL—PROCEDURE.
   The procedure in such cases will be as follows: . The cases will be tried as they are reached at special term, and, if it be found that plaintiff is entitled to relief, the issue as to past damages will be framed, and placed on the circuit calendar as a preferred case, unless plaintiff elects to proceed without asking a decree for past damages. The judge presiding at special term shall at the same time exercise his discretion as to whether an issue as to fee damage shall be coupled with the issue as to past damages, and be also placed on the circuit calendar for trial, or whether he will himself proceed with the supplemental inquiry as to fee damage, or refer such inquiry. And if plaintiff, after the order is made, framing the issue as to past damages, shall elect not to ask a decree for such damages, such order may be vacated by the judge at special term.

Separate actions by Ann L. Underhill and others against the Manhattan Railway Company and another for injunction and damages. Motion by defendants to submit the issues as to fee and past damages to a jury. Granted as to past damages; denied as to fee damages.

*Robert Sewell, Leo C. Dessar, Cannon & Atwater, William S. Peckham, Wilson & Wallis, Adolph L. Sanger,* and *Benner & Benner,* for plaintiffs. *Davies, Short & Townsend,* for defendants.

BARRETT, J.   These motions are made pursuant to the amendment to section 970 of the Code of Civil Procedure, c. 208, passed in 1891. The defendants ask to have two questions stated for trial by a jury: *First,* the question as to past damages; *second,* that as to fee value. The claim is that both of these questions arise upon the pleadings in the various actions. The motion is resisted upon several grounds: *First,* it is contended that the amendment in question is unconstitutional; *second,* that it does not apply to actions pending when it was passed; *third,* that it only applies to direct issues, and not to incidental questions; *fourth,* that the defendants have waived their right to a jury trial in all cases where they served notice of trial for the special term after the act took effect.

As to the first, second, and fourth objections, my judgment is against the contentions of the various plaintiffs. I have carefully considered their briefs and authorities, but, while fully appreciating the radical character of this legislation, I see no reason to doubt its constitutionality. It involves nothing more than a change in the method of trying causes; an extraordinary and sweeping change, it is true, but still such a change as it was within the legislative power to effect. There is nothing in the constitution which directly

or impliedly gives any litigant a vested right to the trial of an equity case by a judge without a jury, or which declares that none of the issues or questions arising in such a case shall be tried by jury.

Nor is there anything in the canons of. construction which would limit the mode of trial thus provided for to actions commenced after the law took effect. No vested right is taken away or impaired by the act, nothing which had been previously secured to either party. Nor is any new remedy initiated. There is simply a change in the means whereby certain results are arrived at. The amendment is fairly within the principle laid down in *Southwick* v. *Southwick*, 49 N. Y. 517. It was there held that the act of 1867, c. 887, permitting husband and wife to be witnesses against each other, applied to all trials thereafter had in actions pending when the act took effect. The following language there used by FOLGER, J., seems to be conclusive of the present question: "*Second.* The plaintiff contends, however, that the act was prospective, and could not affect this action, which had commenced before it had passed. The act is prospective; that is, had the defendant been sworn before its passage, it could not have looked back, and have made good his testimony. But it was not confined in its operations to actions and proceedings to be commenced after its passage. It applied to them at once on its passage, so far as that, on all trials thereafter, the rule it had created was in force. ' The very essence of a new law is a rule for future cases;' but not for future cases, as meaning future actions exclusively, but future occasions as well. A case is, in one sense, 'a question contested before a court of justice.' And here, the question before this referee was, shall this defendant be sworn in his own behalf against the plaintiff, his wife? It arose after the passage of the act, and the provisions of the act applied to it. It cannot be successfully contended, as a general rule, that an act which applies only to the forms of procedure and modes of attaining or defending rights cannot be availed of in an action pending when it took effect. *Neass* v. *Mercer*, 15 Barb. 318; *People* v. *Mitchell*, 45 Barb. 208."

There is nothing in the objection as to waiver. The right conferred by this statute might, doubtless, be waived by entering upon the trial of the questions of damage and fee value at special term, without claiming a jury trial. But it certainly is not waived by the mere service of a notice of trial for the special term. There is nothing inconsistent between such a notice of trial and what is claimed in these motions, for, even if these motions are granted, the notice of trial stands, as it is at the special term that the cause must be tried.

Upon the merits, there is but one question calling for special consideration. As to past damages, all parties seem to agree that the defendants are entitled to have an issue framed. Mr. Justice O'BRIEN, in a memorandum lately filed in a similar case,[1] held, after consultation with his brethren, that this did not apply to what is termed the fee value of the easements in question. Upon full consideration, that opinion is reaffirmed, and it applies to all cases

---

[1] The decision by Mr. Justice O'BRIEN, referred to, was rendered October 19, 1891, at chambers in the supreme court, New York county, in the case of Oswald v. Metropolitan Elevated Railway Company, and is as follows: "After consultation with all of my brethren, I have concluded that, under the amendment of 1891 to section 970 of the Code, (Laws 1891, c. 208,) the defendants are entitled, as a matter of right, to a jury trial upon the issue as to past damages. As this issue must be sent to a jury, it is eminently proper that the question of fee value should be passed upon at the same time and in the same manner. This will be an economy of time, and will result in a harmonious disposition of the main issues in the case. As matter of discretion, therefore, this issue will also be sent to a jury. The parties will therefore formulate the two issues—*first*, as to fee value, and, *second*, as to past damages—in an appropriate manner. No other issues should be formulated, and none other will be sent to the jury. To the end that this practice shall not delay the plaintiffs, the order will provide for the trial at circuit, part II., on the first Monday of November, and no other cases will be placed upon the calendar until all such issues are fully disposed of."

now before the court. Where the value of the easements is not specified in the complaint, it is conceived that the question is entirely free from doubt. But, even where such value is specified, it cannot logically be said that a question on that head arises on the pleadings. The action is not and cannot be to recover the specified value, but to restrain the continuous trespasses. The specification of value, therefore, is nothing more than a *videlicet* to an allegation of substantial value. The plaintiff thus amplifies and illustrates the averment of substantial injury. Nor is the logic of his position affected by a prayer for an injunction *nisi*. The prayer is no part of the cause of action, and does not determine its character. *Graves* v. *Spier*, 58 Barb. 349. The nature of the action and the cause of action are shown by the facts stated in the complaint. Id. Here the court cannot decree the fee value of these easements, for that, in substance, would be to decree the totality of all future damages. The question of value contemplated by this amendment must be such as relates to, or at least has some bearing upon, the real issues, as they appear in the pleadings, not upon mere resultant probabilities. No question of fee value is directly involved, or can directly arise upon the trial of these present issues. Such a question may hereafter arise, provided the plaintiffs are successful upon the trial of the present issues, and provided it is then deemed appropriate to make a further inquiry, with a view to compel the defendants, under penalty of an absolute judgment, to do substantial justice in the premises. That inquiry, however, while usual in this class of cases, is not strictly within the pleadings. It happens to be the most practical method of redressing the property owner's wrongs consistently with the public convenience. If it were not for the latter consideration, I apprehend that it would soon be discovered, and that incisively, that no question of fee value arises on the pleadings in this class of cases, and that equity would not deem it judicious to resort too frequently to the merciful expedient of an alternative judgment. Whether a question of fee value arises, within the meaning of this amendment, must depend upon the pleadings and the nature of the action, considered in their strict legal import, certainly not upon those deviations from ordinary justice to which a discreet court is constrained to resort to prevent a public catastrophe. The resultant inquiry as to fee value, made with a view to staying the hand of equity, whether such inquiry be conducted by the court itself, or by a referee, or by a jury, is but a sequence to the decision of the court upon the real issues. When the decision upon those issues has been reached, though not yet formulated, the court finds itself face to face with an extraneous problem. To grant the plaintiff the injunction to which he is entitled upon the pleadings and proofs would involve a great public injury. The defendants' wrong is hopelessly blended with the public interest. At this point the court may stay its judgment for a sufficient length of time to enable the defendants to do what they should long since have done, namely, condemn the easements and pay for them. Where that course is adopted, the question of fee value is not considered at all. But when it clearly appears that the defendants have the right to acquire, by condemnation proceedings under the right of eminent domain, the easements which they have appropriated, and they thereupon ask the court to give them the same relief in the action itself which they might still obtain in proceedings taken to acquire the easements, as property necessary for the operation of their railroad, the court, having acquired jurisdiction of the parties, and having power to grant to either all the relief to which he is entitled, may properly listen to this request, and act upon it. This is dependent, however, upon it being made clearly to appear that the right to condemn the easements still exists, for certainly the court would not compel an injured plaintiff to sell his property at any price to a trespasser who was not in a situation to invoke the right of eminent domain. Where, then, the existence of that right is made to appear, and the wrong-doers, in order to avoid further delay and the risk of public inconvenience as well as private injury which would result

from the enforcement of the injunction, request a supplemental inquiry as to fee value, the court may itself institute such inquiry. Plainly, then, this supplemental inquiry is not for the purpose of deciding any question of value arising upon the pleadings, but for the purpose of affording the defendants an opportunity, consistently with justice to the plaintiff, of avoiding judgment upon the issues. If, in the one case, the defendants fail to condemn the easements, or in the other to pay their ascertained value, the responsibility for the temporarily delayed judgment rests with them, and they alone must bear the odium resulting from the final enforcement by injunction of the property owner's rights. These considerations are strictly within the principles enunciated in the *Galway Case*, (N. Y. App., 28 N. E. Rep. 479,) and they are not inconsistent with the views expressed in the *Roberts*, (Id. 486,) *Gray*, (Id. 498,) and *Doyle* (Id. 495) *Cases*. The point decided in these later cases is simply this: that, when the supplemental inquiry as to fee value is made, it must proceed upon correct principles, and with due regard to the rules of evidence. It was pointed out with great clearness that the defendants were practically, even if not theoretically, bound to pay the ascertained sum, and, consequently, that it was error to reach the pecuniary result thus substantially imposed upon them, upon imcompetent evidence. And this is entirely reasonable. For the court exercises its discretion upon sound principles, and not arbitrarily. It can neither deny the injunction arbitrarily, nor can it impose an arbitrary sum as the sole condition of avoiding it. When the court has once directed this supplemental inquiry, it imposes upon the plaintiff the burden of sustaining his side of the renewed contest. In that aspect of the case, and at that stage of the trial, the plaintiff is in the position which Judge PECKHAM refers to in the *Roberts Case*, namely, of bringing before the court the question of the fee value of his easements. Indeed, his object from the beginning was doubtless to compel the defendants to do him tardy justice in this regard. But he could not directly compel the defendants to take proceedings for condemnation; nor could he recover all his damages in one action; nor could he bring the question of fee value directly before the court, and secure a money judgment therefor, even in an equitable action. Thus, the only procedure by which he could secure complete satisfaction was an equitable action, in form directed to relief by injunction, and to that only. And it is only under the stress of this relief that the court is enabled to make the alternative conditions whereby such compensation is indirectly compelled. It is quite clear, therefore, that the question of fee value does not arise upon the pleadings in these cases, and that it can only arise when a judicial conclusion upon the real issues has been reached. This conconclusion is fortified by the decision of the court of appeals in the *American Bank-Note Case*, 29 N. E. Rep. 302. It was there held that this inquiry as to the fee value must proceed upon the same principles as those which apply when the defendants seek to acquire the property owner's easements under the right of eminent domain. The value of the easements must be ascertained by the same methods in the one case as in the other, and the same rules must be applied in the supplemental inquiry as would be applied by commissioners appointed in the condemnation proceedings. This is apparent from the language of Judge FINCH in the case last referred to. He says: "There is no difficulty in assuming that the alternative damages are awarded to the same extent and for the same elements as the compensation given in a special proceeding for the condemnation of land under the law of eminent domain. Such a process in each case ends in the same substantial redress. The form is different, but the result is identical. It follows, therefore, that the alternative damages of equity must be such, and only such, as would be given in a proceeding for the condemnation of lands for a railroad use, due regard being had to the different characteristics of the property to be taken. We must, as a consequence, recur to the legal rules which have been established in such cases." It follows that this inquiry can only proceed at the request of the

defendants, for it is substantially to enforce the right which they have. Such an inquiry would be useless if the defendants announced that they would not pay what the court might ascertain was the value of the property appropriated. It is only when the court has found that the defendants have appropriated the plaintiff's property and that an injunction must issue to enforce the plaintiff's right to his property, and the defendants then ask the court to ascertain the value of the property appropriated, that the necessity for such inquiry arises. There is no allegation in any of the pleadings from which it can be inferred that the defendants will ask for such relief, or that such an inquiry will ever be necessary. It follows that the motion as to past damages should be granted, and as to fee value, denied. It is apparent, however, that some proper provision should be made in the order for the subsequent procedure in these cases. The issues should not be placed in a mass upon our circuit calendars, or upon any of them, unnecessarily, to block the way of those who have ordinary issues to be tried. I say unnecessarily, because, of course, these issues as to past damages cannot be brought on at circuit until the causes in which they have been framed have been regularly tried at special term. It is, in fact, only after plaintiff in each case shall have established at special term his right to an injunction that there can be any question of past damages to be tried. If these issues were to be tried in advance of the regular trial of the causes at special term, the result would be that the circuit judges would spend most of their time in assessing damages, to which the special terms might subsequently decide that the plaintiff was not entitled. The orderly procedure is to try these equity cases as they are reached at special term, and if the court shall be of opinion that the plaintiff is entitled to relief, then to place the issue in that particular case as now framed upon the circuit calendar as a preferred case. The judge at special term can, however, at once continue the supplemental inquiry as to fee value, taking the evidence himself or sending it to a referee, as he may deem best, (*Camp* v. *Ingersoll*, 86 N. Y. 437,) and completing the trial except as to past damages. Or he may, as matter of discretion, frame an issue as to such fee value, and send it to the circuit, to be tried with the issue as to past damages. Upon the completion of the testimony as to fee value before the judge, or upon the return to him of the referee's report on that head, or of the verdict in case he has, as matter of discretion, directed an issue, together with the verdict as to past damages, the completed judgment can be rendered.

The order to be entered upon this decision will, therefore, contain a provision that the issue as to past damages be not placed upon the circuit calendar, or tried until the trial of the cause at special term, when (unless the plaintiff at such trial elects to proceed without asking a decree for past damages) the judge there presiding shall direct such issue to be placed upon a circuit calendar as a preferred case, and shall at the same time exercise his discretion as to whether an issue as to fee value shall be coupled with the issue now framed, and be also placed upon the circuit calendar for trial, or whether he will himself proceed with the supplemental inquiry as to fee value, or refer such inquiry. If, however, the plaintiff shall then elect not to ask a decree for past damages, the present order framing such issue may be vacated by the justice so presiding at special term, and in either event this order shall not operate to delay or suspend any part of the trial at special term not embraced within the issue now framed, unless the judge there presiding shall exercise his discretion in favor of framing an issue as to fee value, and shall send such issue to the circuit, to be tried with the issue now framed. I should add that this opinion was prepared in consultation with Mr. Justice INGRAHAM, and I am authorized to say that he fully concurs therein. The same order as above directed will be entered on the motions to frame issues heard before him; the form of the order on this decision to be settled on notice.