Van Brunt, P. J.
For the reasons set forth in the opinion delivered upon’ the decision in lie Brainerd, ante, 889, (herewith announced,) it is clear that this court has not jurisdiction to entertain this application. It is true that the petitioner seeks to avoid the effect of that decision by not claiming that the assessment should be set aside, but that it should be reduced; but it is apparent that, if the sewer in question was constructed by the proper authorities, there is no basis for such reduction. It is only because the sewer has been constructed without due authority that the petitioner couid have, under any circumstances, any standing in court. The ground urged upon this appeal is that this sewer could not legally be constructed by the department of public-works, but that that duty was imposed upon the department of parks; and, if the sewer had been constructed by the department of parks, only one-half of the cost of the improvement could have been assessed upon the appellant’s-property. If the sewer was constructed by the department of public works, the appellant cannot claim the benefit of rules applying to work done under *891 the authority of the commissioners of parks. The commissioners of parks-have in no way ratified or confirmed the action of the department of public' works, or accepted the work as done by it; and the assessment which it is-sought to reduce is levied solely upon the certificate of the department of public works, and has not resulted from any action whatever taken by the department of parks. It is therefore evident that the petitioner cannot claim, in this proceeding, the benefit of exemptions which would have arisen in his favor had the work been done by the department of parks; it having the lawful authority to perform the same. e
But in our opinion the work was properly done by the uepartment of public works. By chapter 381 of the Laws of 1865, a general system of sewerage was intended to be adopted; and it was apparent to the legislature that, in order that such a system should be successful, the work should be done under a general plan, under a single supervisory head; and therefore they provided in this act that such general plan should be adopted, and that no sewer should be constructed in the city of Hew York unless in accordance with this plan. This act was passed on the 12th of April, 1865. On the 24th of April, 1865,-an act was adopted by which, the appellant claims, the commissioners of Central park were given the right to construct sewers within the very district which, 12 days before, the legislature had enacted should be under the control of a particular board having general charge of the construction of sewers, and that none should be constructed except in accordance with the plan adopted by such board. An intention upon the part of the legislature to repeal that which they had enacted only 12 days before cannot be presumed, and can only be sustained if the acts were inconsistent one with the other.
It is urged that because the commissioners of public parks had the right,within this district, to regulate, grade, and improve, as streets or as country roads, such streets as they might lay out, upon a plan to be adopted by them,that therefore they had the right to construct the sewers therein; such having been held to be an improvement which might be constructed in a street. It is clear from a consideration of these acts that they are not necessarily in conflict; and that it was not the intention of the iegislature to throw aside the system which they had adopted by the act of the 12th of April; and that the power which had been vested in the Ciston board by the act of April 12th still subsisted in them, and that there was no intention to deprive them of that which was necessary in order that the sewerage of the city should be constructed upon a well-defined and settled plan. In 1870 the powers and duties of the Ciston board were given to the department of public works, and bureaus were established in that department to take charge of the various works. In the charter of 1873 it is provided that in the department of public works there shall be a bureau which shall have charge of sewers, and one which shall have charge of the grading, regulating, etc., of streets; thus showing that it was the intention of the legislature that the work in the two cases should be-carried on separately and distinctly. Section 327 of the consolidation act gives-the commissioner the power to revise and frame a plan of sewers for the whole-city, except in the 23d and 24th wards; and section 331 provides that it shall not be lawful to construct any sewer except on this plan. If there is any repeal of powers by implication, these provisions of the consolidation act would-necessarily repeal the power, if any had been conferred by the act of April 24,-1865, upon the commissioners of Central park to construct sewers. But it-would seem that, prior to the adoption of the consolidation act, the act of April 24, 1865, had been repealed by implication. Chapter 604 of the Laws of 1874 dealt with the same subject-matter to which the act of April 24,1865, applied. It is true that there are some provisions contained in the act of 1865 which are not contained in the act of 1874; but, the legislature having legislated upon the identical subject, it is presumed that they were intentionally omitted, and that it was not intended to engraft them upon the act of 1874. *892 The case In re Orphan Home, 92 N. Y. 116, in no way conflicts with the views above expressed. The attention of the court deciding that case was in ■no way called, apparently, to the condition of the law But, assuming that ¡the sewer in that case was constructed by the department of public works, it had the authority to construct that sewer; and although such authority was .ascribed, perhaps, to legislation which did not originally confer the same, yet .still it would have done so, in the absence of any other legislation upon the subject. There had been legislative action upon the subject, confiding the power in respect to the whole subject to the department of public works; and ■such department, i'P exercising this power, only carried out the legislative plan. Had it not been for this condition of the statutes, showing the intention •of the legislature to confer upon a certain department the exclusive right in .reference to the construction of sewers, we might very well have held that the ■commissioners of Central park, under the act of April 24, 1665, would have •had the power to construct the sewer, unless the same had been repealed. And this was all that was decided in Re Orphan Home. But, in the pres■enee of the positive enactments of the legislature vesting this authority in .another department, it cannot be held that, under the general word “improvement, ” that department is to be deprived of the authority and power which is expressly conferred upon it, and in pursuance of a general plan in respect to the subject-matter treated of in this legislation. The order should be affirmed, with costs. All concur.