compliance with the special directions of the court as to service of the order upon the infant and his mother, all subsequent irregularities were amendable. *Rogers* v. *McLean,* 34 N. Y. 536; *Croghan* v. *Livingston, supra; Gribbon* v. *Freel,* 93 N. Y. 93; *Tobin* v. *Cary,* 34 Hun, 433. It appears that, within the time specified in the order *nisi,* the infant's mother applied for the appointment of a guardian *ad litem;* and upon that application Mr. John E. Ward's consent to act was produced. This consent, by an inadvertence, was not then acknowledged, but the appointment was made. In my judgment, this was not a jurisdictional defect, but, at most, a mere irregularity. It was so held in *Croghan* v. *Livingston, supra,* with regard to the failure of· a guardian *ad litem* in partition to file the bond required by statute. In opinion of PRATT, J., at p. 221. In *Rogers* v. *McLean, supra,* an amendment to the petition upon which the guardian was appointed, to the effect that the infant was residing with the petitioner, or was under his charge or custody, when the petition was originally verified, was permitted *nunc pro tunc;* and this amendment was sustained by the court of appeals. In *Gribbon* v. *Freel,* 93 N. Y. 93, it was held that the publication of a 6 instead of a 10 day summons in the marine court was not a jurisdictional defect, but only an irregularity, and that, as the court acquired jurisdiction by the granting of a provisional remedy, an order amending the summons *nunc pro tunc* was properly made. And in *Tobin* v. *Cary, supra,* the precise question here involved was decided adversely to the plaintiff's contention. The court there also held that the order, duly executed by inserting the acknowledgment in the record, removed all objections to the title; and the purchasers were required to complete. The present objection seems especially trivial, in view of the fact that the summons was served upon Mr. Ward the day after his appointment, and thereupon he duly acknowledged, before a notary public, personal service of such summons. He also interposed a verified answer.

I have no doubt that the irregularity was completely cured by the order, made on consent of all parties who appeared in the foreclosure suit, of March 25, 1886, permitting the proper acknowledgment to be filed *nunc pro tunc,* and by the execution of that order when the acknowledgment was filed and attached to the original consent and record. The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to abide the event.

---

*In re* NEW YORK INSTITUTION FOR THE INSTRUCTION OF THE DEAF AND DUMB.

(*Supreme Court, General Term, First Department.* December 2, 1889.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—REDUCTION OF ASSESSMENTS.
    Under Laws N. Y. 1880, c. 550, § 12, the court cannot reduce an assessment for a sewer, constructed by the department of public works, on the ground that it could be legally constructed only by the department of parks, and that, if constructed by the latter, one-half of the expense only could have been assessed. The department of parks not having ratified or accepted the work, or taken any action in the matter, the property owner cannot claim benefits which would have arisen had that department legally constructed it; and, if it was constructed by the proper authorities, there is no basis for the reduction.

2. SAME—CONSTRUCTION OF SEWERS—DEPARTMENT OF PUBLIC WORKS.
    Laws N. Y. 1865, c. 381, passed April 12th, provided for the adoption of a general system of sewerage in New York city on a general plan, under the control of a board, and that no sewer should be constructed except on that plan. An act passed April 24, 1865, gave the commissioners of public parks the right to regulate, grade, and improve such streets as they might lay out on a plan to be adopted by them. In 1870 the powers and duties of the board named in the act of April 12, 1865, were conferred on the department of public works. The charter of 1873 provided for a bureau in the latter department having charge of sewers, and another having charge of regulating and grading streets, etc. The consolidation act, §§ 327, 331, gives the commissioner power to revise and frame a plan for sewers, and prohibits the construction of a sewer except on that plan. *Held,* that the department of public works has power to construct sewers, to the exclusion of the department of parks.

**3. STATUTES—REPEAL BY IMPLICATION.**
    The subject-matter of the act of April 24, 1865, relating to the commissioners of parks, having been dealt with by Laws 1874, c. 604, provisions of the former not contained in the latter will be presumed to have been intentionally omitted.

Appeal from special term, New York county.

Petition by the New York Institution for the Instruction of the Deaf and Dumb to vacate or reduce assessments to the extent that the same exceed the limitations fixed by statute. The petition was denied, and petitioner appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*James A. Deering,* for appellant. *William H. Clark,* (*Geo. L. Sterling,* of counsel,) for respondent.

PER CURIAM. The question involved in the appeal in this case seems to be disposed of by the decision in *Re Wheelock,* 3 N. Y. Supp. 890. The order appealed from should therefore be affirmed, with $10 costs and disbursements.

---

## *In re* MARSHALL.

### *In re* FERRIS.

(*Supreme Court, General Term, First Department.* December 2, 1889.)

**ABATEMENT OF ACTIONS—SPECIAL PROCEEDINGS.**
    A petition to vacate a street assessment is a special proceeding, and abates with the death of the petitioner.

Appeals from special term, New York county.

Appeals from orders denying motions for revivals of the proceedings under the petitions of Jesse A. Marshall, deceased, and Francis Ferris, deceased, to vacate street assessments.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*T. F. Neville,* for appellants. *G. L. Sterling,* for respondent.

VAN BRUNT, P. J. The denial of this motion seems to have been fully justified by the principles laid down in *Re Roberts,* 6 N. Y. Supp. 195, (decided by this court on the 9th of July, 1889,) where it was held that this was a special proceeding, and that, under the rule applied in *Leavy* v. *Gardner,* 63 N. Y. 624, it was entirely abated by the decease of the petitioner. The order should be affirmed, with $10 costs and disbursements. All concur.

---

## PEOPLE *v.* SIMONSON *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

**1. WILLS—CONSTRUCTION—PERPETUITIES.**
    Testator devoted part of his estate to the creation and maintenance of a musical college, for which he directed his three executors to apply to the legislature for a charter; and, in case of the death of the longest lived of the three before the charter should be granted, he gave the fund in trust to the city of New York for certain purposes. *Held,* that the bequest was void, under the law forbidding perpetuities.

**2. SAME—UNCERTAINTY.**
    A bequest for the purpose of creating and maintaining a "musical college," without any directions or the expression of testator's wishes as to a plan for its working, is void for uncertainty.[1]

Appeal from special term.

Action by the people of the state of New York against Alfred L. Simonson and Edward T. Schenck, individually and as executors of and trustees under the last will and testament of Samuel Wood, deceased, Lewis L. Fosdick, and

---

[1] On the subject of certainty of beneficiaries as affecting charitable bequests, see *Tilden* v. *Green,* 7 N. Y. Supp. 382, and note; *Trustees, etc.* v. *Guthrie,* (Va.) 10 S. E. Rep. 318, and note.