In the Matter of the Petition of the NEW YORK INSTITUTION FOR THE INSTRUCTION OF THE DEAF AND DUMB to Vacate Assessments.

Where a revising statute covers the whole subject-matter of antecedent statutes, and such plainly appears to have been the legislative intent, it is to be deemed to contain the entire law upon the subject, and it virtually repeals the former enactments, although there is no express provision to that effect and although provisions of the former acts are omitted in the revising statute.

Where two statutes relate to the same subject-matter, though not in terms repugnant and inconsistent, if the later is intended to prescribe the only rule which shall govern, it repeals the earlier.

It was the legislative intent in passing the New York Consolidation Act (Chap. 410, Laws of 1882) to revise and consolidate therein the whole statute law specially relating to said city.

Accordingly *held*, that the provision of the act of 1865, providing "for the laying out and improving of certain portions of the city and county of New York (§ 8, chap. 565, Laws of 1865), which authorizes the assessment of not more than one-half the expense of laying out and improving a street within the territory specified in the act, more than one mile in length, upon the owners or occupants of lands benefited, and making the balance a charge upon the county, was repealed or superseded by the Consolidation Act (Chap. 410, Laws of 1882); and that an assessment of the entire expense upon the owners was proper.

*It seems* that said provision of the act of 1865 was not repealed by the act of 1874 (Chap. 604, Laws of 1874), or by any legislation prior to the passage of the Consolidation Act, but remained in force until that time.

(Argued April 14, 1890; decided April 22, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department made the second Mon-

day of November, 1889, which affirmed an order of Special
Term denying an application of petitioner to reduce assess-
ments for paving and regulating Eleventh avenue in the city
of New York from One Hundred and Fifty-fifth street to
Kingsbridge road.

The material facts are stated in the opinion.

*James A. Deering* for appellant. It is a substantial error
that the assessments in question are for the total expense
incurred. (Laws of 1865, chap. 565, § 8; *In re Hearn*, 96
N. Y. 378; Laws of 1870, chap. 137; Laws of 1872, chap.
872.) This special provision of the act of 1865 providing
that the assessment for grading, etc., avenues more than one
mile in length within the district named in the act shall not
exceed one-half of such expense has not been repealed or
superseded by any subsequent statute. (*In re Comrs., etc.*, 50
N. Y. 497; *In re Cram*, 69 id. 452; *In re Curser*, 89 id. 401;
*McKenna* v. *Edmunstone*, 91 id. 230; *Mark* v. *State*, 97 id.
572; *People* v. *G. & S. T. Co.*, 98 id. 67; *In re Knaust*,
101 id. 188; *H. B. R. R. Co.* v. *S. R. R. Co.*, 41 Hun, 553.)
The construction claimed by the petitioner is in accordance
with the settled practice and opinions of the city departments
as to all other improvements of a similar character under the
act of 1865. (*U. S.* v. *Philbrick*, 120 U. S. 52; *U. S.* v.
*Hill*, Id. 169; *Easton* v. *Peckergill*, 55 N. Y. 310.) The extent
to which the petitioner is entitled to relief is to reduce the
assessments in question one-half, for to this extent is the
petitioner at least aggrieved by reason of the error in assess-
ing the entire expense incurred. (Laws of 1882, chap. 410,
§§ 898, 903.)

*D. J. Dean* and *G. L. Sterling* for respondent. The peti-
tioner is deprived by statute of any relief in this proceeding.
(Laws of 1880, chap. 550, § 12; Laws of 1882, chap. 410,
§ 903; *In re Smith*, 99 N. Y. 424; *In re Johnston*, 33 Penn.
St. 511; *Sacramento* v. *Bird*, 15 Cal. 294; *Swan* v. *Buck*,
40 Miss. 268; *Weeks* v. *Walcott*, 15 Gray, 54; *Heckmann* v.

*Pinkney*, 81 N. Y. 215; *Cornell* v. *Barney*, 94 id. 400; *People* v. *G. & S. T. Co.*, 98 id. 79; *People* v. *Jaehne*, 103 id. 195; *Horton* v. *Cantwell*, 108 id. 263; *Anderson* v. *Anderson*, 112 id. 111.)

EARL, J. Eleventh avenue above One Hundred and Fifty-fifth street in the city of New York was laid out, and the title to the lands therefor was acquired by the commissioners of the Central park, under chapter 565 of the Laws of 1865. Subsequently, in the year 1888, the avenue was improved by the commissioner of public works for more than a mile of its length, and the whole expense of the improvement was assessed on property fronting on the avenue. The petitioner claims that not more than one-half of such expense should have been assessed upon the adjacent property, under section 8 of the act of 1865, and seeks, by this proceeding, to have the assessment upon its property reduced so that it will not be compelled to bear more than its proportion of one-half of the entire expense. The assessment was laid in 1889, and we are to determine whether the provisions of that section were in force at the time. The court below held that the section had been superseded and repealed by later legislation.

The act of 1865 conferred upon the commissioners of Central park exclusive authority to lay out streets in the city of New York northerly of One Hundred and Fifty-fifth street, and empowered them, by proper proceedings, to acquire land for such streets. It provided for the appointment of commissioners to estimate the damages caused by the opening of the streets, and for assessments for the payment of such damages upon the persons and lands benefited by the improvement, provided, however, that as to streets more than one mile in length not more than one-half of such damages should be so assessed; the amount of the damages not so assessed being made a charge upon the county of New York. Provisions were made in subsequent sections for raising the money to pay the portion of the damages imposed upon the county. Section 8 of the act provided that the commissioners of Central park

should cause the streets laid out by them under the act to be improved as streets, and that such portion of the expense of such improvements as they should deem equitable, not exceed-ing as to streets more than one mile in length, one-half of such expense, should by the proper officials be assessed upon the owners and occupants of lands benefited thereby. For the purpose of carrying out the provisions of section 8 the comp-troller was, by subsequent sections, authorized to borrow money upon the credit of the county. Section 8 and all the subsequent sections of the act, except section 12, which is now unimportant, relate exclusively to the improvement of the streets opened under the earlier sections. It is thus seen that under the act of 1865 the commissioners of Central park were empowered to lay out streets above One Hundred and Fifty-fifth street, and to procure an assessment to be made to pay for the damages caused thereby; and that they were also empowered under section 8 to improve the streets thus laid out, and to cause an assessment to be laid to pay the expense thereof; but that neither assessment could exceed one-half of the whole amount of the damages and expenses.

By section 7 of chapter 872 of the Laws of 1872, and sections 73 and 83 of chapter 335 of the Laws of 1873, the department of public works was empowered to lay out, open and improve all streets in the city of New York above Fifty-ninth street, which were not embraced within the limits of any park or public place, or immediately adjacent thereto; and the pow-ers and jurisdiction of the park commissioners as to such streets were transferred to that department; and so the law remained until the act, chapter 604 of the Laws of 1874. That act again restored power to the park commissioners to lay out, survey and monument all streets and avenues north-erly of One Hundred and Fifty-fifth street, and cause the damages therefor to be ascertained and assessed in the manner previously provided in the act of 1865. That act substantially re-enacted the provisions of the act of 1865, so far as the latter act related to the laying out of streets. Thereafter the depart-ment of public parks was empowered to lay out the streets

mentioned in the act of 1874, and to cause the damages there-
for to be ascertained and assessed; but the power to improve
the streets thus opened, remained vested in the commissioner
of public works; and the act of 1874 in no way dealt with the
subject of improving streets as embraced in section 8, and the
subsequent sections of the act of 1865, and in no way touched
the duties of the commissioner of public works. It cannot,
therefore, be said that section 8 and the subsequent sections of
that act were repealed by the act of 1874, simply because they
were not re-enacted therein. That statute was in no way incon-
sistent with or repugnant to those sections, as it did not relate
to the same subject embraced in them, to wit: the improvement
of streets opened, and it did not deal with that matter.

Without further commenting on the statutes we are quite
satisfied that section 8 of the act of 1875 remained in force
until the enactment of the Consolidation Act (Chap. 410,
Laws of 1882), and it only remains to be determined whether
it was repealed or superseded by that act. That act is entitled
"An act to consolidate into one act, and to declare the special
and local laws affecting public and local interests in the city
of New York." It was clearly intended as a consolidation
and revision of all the local and special acts relating to the
city of New York. It contains many sections taken from the
Code of Civil Procedure and the Code of Criminal Procedure,
or the substance of such sections; and it was provided in the
last section thereof that such sections of the act "shall not be
construed as making any new enactment, or as repealing,
modifying, amending or superseding any provision of either
of said Codes, or any amendments thereof, but shall be treated
and considered as embraced in this act solely in order that
it may contain all provisions of existing laws which are of
special application in the city of New York;" and then it was
further provided that certain specified sections of the act
should in like manner be treated and considered as making no
new enactment, but as embraced in the act for the same
reason. It is thus plain that it was the legislative intention
that the Consolidation Act, made up of many acts taken from

many books, should contain all the special and local acts applicable to the city of New York. The provisions of section 8 are not embraced in the Consolidation Act, and yet the other provisions of the act of 1865, so far as they were re-enacted in the act of 1874, are embraced therein. Section 8 is not only omitted from the act, but the act contains general provisions for regulating, grading and improving streets, and making assessments for the expense thereof upon the property to be benefited thereby, and its provisions are that the aggregate expense shall be thus assessed.

We have not, therefore, a case where some prior statute has been wholly omitted and no provision of any kind substituted in its place. But this is a case where the prior provision of law has been entirely dropped, and provisions upon the same subject are found in the new act. Under such circumstances, how is the Consolidation Act to be construed? It was the manifest intention of the legislature that it should take the place of the numerous special and local acts applicable to the city of New York, which had been enacted for more than a century, and to rescue them from the obscurity, uncertainty and difficulty caused by their scattered condition; and that intention should have effect.

There are decisions holding that where prior laws are revised and consolidated into a new act, such act is to be deemed to contain the entire law upon the subject, and that a prior provision of law which is dropped is to be regarded as repealed. In *Ellis* v. *Paige* (1 Pick. 43), it is said: " It is a well-settled rule that when any statute is revised, or one act formed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. To hold otherwise would be to impute to the legislature gross carelessness or ignorance, which is altogether inadmissible." In *Bartlett* v. *King* (12 Mass. 537), it was held that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, upon principles of law, as well as in reason and common sense,

operate to repeal the former." In *Bowen* v. *United States* (14 U. S. Ct. of Claims, 162), HUNT, J., speaking of the Revised Statutes of the United States, said: "These Revised Statutes were enacted in order to present the entire body of the laws of the United States to the people in a concise and compact form, extricated from the confusion in which they had become involved in seventeen large volumes, through which they lay scattered. The object was to relieve one from the necessity of having recourse to the earlier statutes, except in cases of grave doubt, or of absolute conflict between different sections of the revision. If errors have crept into the work of the commissioners, it is better they should stand until corrected by subsequent legislation, than that the whole body of laws should be thrown into such doubt and confusion that no one may any longer feel any confidence that he knows what the law is by reading the latest enactment made by congress." These views are quite applicable to the Consolidation Act, which was intended to revise and consolidate the whole statute law specially relating to the city of New York. In *Butler* v. *Russel* (3 Cliff. 251), Mr. Justice CLIFFORD said: "When a revising statute covers the whole subject-matter of antecedent statutes, the revising statute virtually repeals the former enactments without any express provision to that effect, and even when some parts of the revised statute are omitted in the new law they are not in general to be regarded as left in operation, but are to be considered as annulled, if it appear plainly that the intention of the legislature was to cover the whole subject-matter by the revising statute." In *Patterson* v. *Tatum* (3 Sawyer, 164), Mr. Justice FIELD said: "The proposition of counsel that a statute is impliedly repealed by a subsequent act revising the whole matter of the first, is undoubtedly correct." *In re Southworth* (5 Hun, 55), it was held that where a statute is revised, and parts of the former statute omitted from the statute revising it, the part so omitted cannot be revived by construction.

Against the construction contended for by the petitioner, the general rule may also be invoked, that where two statutes

relate to the same subject-matter, though not in terms repugnant and inconsistent, if the latter one is plainly intended to prescribe the only rule that shall govern, it will repeal the earlier one. (*Daviess* v. *Fairbairn*, 3 How. [U. S.] 636; *Norris* v. *Crocker*, 13 id. 429; *King* v. *Cornell*, 106 U. S. 395; *Heckmann* v. *Pinkney*, 81 N. Y. 211; *People* v. *Gold & Stock Tel. Co.*, 98 id. 67; *People* v. *Jaehne*, 103 id. 182, 193.)

Some of the authorities cited go so far as to hold that where prior statutes are revised or consolidated into one act, any part of the prior statutes omitted must be deemed to have been repealed, although the matter omitted is in no way provided for in the new law. But we need not go so far in this case. Here section 8 of the act of 1865, contained provisions for the assessment and payment of the expenses of improving streets, and complete provisions upon the same subject, somewhat dissimilar however, are contained in the Consolidation Act, and hence they must be deemed, under all the decisions, to take the place of the prior provisions, and to furnish the only rule upon the subject.

We have, therefore, reached the conclusion that section 8 of the act of 1865, although not specially repealed was superseded by the Consolidation Act, and that the order of the General Term should, therefore, be affirmed with costs.

All concur, ANDREWS, J., in result.

Order affirmed.