THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT G. VOSBURGH, Appellant.

*Repeal by implication — prohibition in chapter 401 of 1892 as to sale of liquor in quantities of five gallons or over — chapter 679 of 1887 is not repealed thereby.*

Although a statute is not expressly repealed by a subsequent enactment of the Legislature upon the same subject, yet if it appears by the provisions of the later statute that it was intended to cover the subject-matter of the former the prior statute will be deemed, by implication, to have been repealed or superseded.

Subdivision 7 of section 19 of chapter 401 of the Laws of 1892 contains the only restriction in such act applicable to the sales of liquors in quantities of five gallons or upwards, and under it such sales are illegal only when made to be drank or used at the place or in the specified locality of the sale.

Chapter 679 of the Laws of 1887 and chapter 401 of the Laws of 1892 are in harmony with each other, and the law of 1887 is not repealed by implication or superseded by the statute of 1892.

APPEAL by the defendant, Albert G. Vosburgh, from a judgment of the Court of Sessions held in and for the county of Wyoming on the 6th day of June, 1893, convicting the defendant of a violation of the excise laws.

*Myron II. Peck*, for the appellant.

*George W. Botsford, District Attorney*, for the respondent.

BRADLEY, J. :

The charge in the indictment was that Vosburgh, at the town of Warsaw, being a town " in which there was not at the time of such sale * * * a license granted and issued permitting the sale of such strong and spirituous liquors, wine, ale or beer in quantities less than five gallons at a time, did, without lawful authority, unlawfully and willfully sell and deliver in quantities of five gallons and upwards at a time, strong and spirituous liquors, wine, ale and beer " (naming the person to whom such sale was made) " contrary to the statute in such case made and provided."

The defendant demurred to the indictment on the grounds : (1) That the facts stated in it did not constitute a crime ; (2) that the indictment contained facts constituting a justification for the acts charged.

The court having overruled the demurrer and denied a motion of the defendant (who had refused to plead to the indictment) in arrest of judgment, directed judgment that he pay a fine of $100, and stand committed until paid. Exceptions were taken by the defendant.

The indictment was founded upon the statute which provides that " It shall not be lawful to sell strong or spirituous liquors, wine, ale or beer in quantities of five gallons or upwards at a time in any town, village or city in this State in which there is not in force at the time of such sale a license permitting the sale of such strong and spirituous liquors, wine, ale or beer in quantities less than five gallons at a time," and that a sale in violation of such provision be a misdemeanor. (Laws 1887, chap. 679.)

This is the only statute of the State to which our attention has been called making it unlawful to sell strong or spirituous liquors, etc., in quantities of five gallons or upwards at a time, to be drank or used elsewhere than on or about the premises where sold.

And the question is, whether or not that statute was superseded by the provisions of chapter 401 of Laws of 1892, entitled "An act to revise and consolidate the laws regulating the sale of intoxicating liquors." While this title imports an act to embrace within its provisions the entire subject to which it relates, it may be observed that it is there declared that the act " shall be known as the excise law and shall supersede the provisions of any special or local law in conflict therewith " (§ 1), and that the laws enumerated in the schedule there annexed are repealed (§ 45). The legislative intent was thus indicated to the effect that some existing provisions of the statute upon the subject of excise might still remain, notwithstanding the provisions of the act of 1892. Amongst the laws mentioned in the schedule so referred to in, and annexed to it, is not included chapter 679 of Laws 1887, before mentioned. And although it is not expressly repealed, if it appears by the provisions of the later statute that they were intended to cover the subject-matter of the former one, the latter will be deemed by implication to have been repealed or superseded. (*Matter N. Y. Institution*, 121 N. Y. 234.) It is provided by the later act that no license granted shall authorize the sale of intoxicating liquors in quantities of five gallons or upwards at a time. (Laws 1892, chap. 401, § 19, subd. 7.) No provision for license to sell in such quantity at a time, so far as we are advised,

has been in any statute of this state, and no necessary purpose of that before mentioned of subdivision 7 of section 19 in the act of 1892 is apparent. The prohibition in respect to sales in quantities of five gallons or more at a time, has relation to intoxicating liquors to be drank upon the premises where sold and places appurtenant or contiguous thereto. (Id. § 31.) This was the effect of the prior statute. (Laws 1873, chap. 549, § 2.) It is urged by the learned counsel for the defendant that the provisions of the act of 1892 taken together manifest the legislative intent to restore the traffic in respect to the sales of five gallons or upwards to the *status* as it existed after the passage of the act of 1873, and before that of 1887. And reference is made to subdivision 4 of section 19 of the act of 1892, providing for license to sell by the quantity not to be drank upon the licensed premises, and to subdivision 7 of the same section in connection with the provision of section 31, relating to sales in quantities of five gallons or more at a time. The latter is the only restriction in the act applicable to sales in such quantities, and by it they are illegal only when made to be drank or used at the place or in the specified locality of the sale.

The provisions of the act of 1892, standing alone, would have substantially the same effect as those of section 2 of the act of 1873 in so far that no legal restriction other than that last mentioned would exist to interrupt sales of five gallons or more at a time.

But it is not seen that the provisions of the act of 1892 have by implication crowded out of operation those of the act of 1887. They may stand harmoniously together. And as the latter act was in force concurrently with that of 1873, it in like manner may remain operative consistently with the provisions of the later act. They do not furnish any substitute for it. It must be assumed that the act of 1887 was purposely omitted from the laws repealed by the act of 1892. And, therefore, it cannot be said that there was a legislative intent to supersede its provisions.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and conviction of the Court of Sessions of Wyoming county appealed from affirmed and case remitted to that court to proceed therein.