Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application of THE BOARD OF STREET OPEN-
ING AND IMPROVEMENT OF THE CITY OF NEW YORK, ETC., to
Acquire Title to Audubon Avenue between One Hundred and
Sixty-fifth and One Hundred and Seventy-fifth Streets.

THE NEW YORK INSTITUTION FOR THE BLIND, Appellant; THE
MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK,
Respondent.

*Assessments — in the city of New York above One Hundred and Fifty-fifth street —*
*Laws of 1865, chap. 565, § 4; 1882, chap. 410, § 1008.*

Section 4 of chapter 565 of the Laws of 1865, providing that when a street in the
city of New York shall be laid out north of the southerly line of One Hundred
and Fifty-fifth street, if the street shall be more than a mile in length, not more
than one-half of the expense shall be assessed upon the property holders, is not
now in force.

Said section 4 was not saved by section 1008 of chapter 410 of the Laws of 1882,
known as the Consolidation Act, which enacted that "Nothing contained in
this title shall be construed as affecting any provision of special acts relating
to particular districts or portions of the city, so far as such provisions are
inconsistent with the provisions of this title."

The history of section 4 and analogous sections stated and reviewed.

APPEAL by the objector, The New York Institution for the Blind,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county of
New York on the 19th day of January, 1895, confirming the report
of commissioners of estimate and assessment in this matter.

*James A. Deering*, for the New York Institution for the Blind, appellant.

*Francis M. Scott* and *John P. Dunn*, for the mayor, etc., of New York, respondent.

PARKER, J.:

The question presented on this appeal is, whether section 4 of chapter 565 of the Laws of 1865 is still in force? If it is, the commissioners of estimate and apportionment erred in assessing the total expense of acquiring title to Audubon avenue upon the property benefited, for that section provides that when a street shall be laid out north of the southerly line of One Hundred and Fifty-fifth street, if the street be more than a mile in length, not more than one-half of the expense shall be assessed on property owners. Audubon avenue is more than a mile in length.

The Consolidation Act (Chap. 410, Laws of 1882) contains many of the provisions of chapter 565 of the Laws of 1865, and it is conceded that such provisions of the latter act, as were in substance incorporated into the Consolidation Act, superseded and operated to repeal such of the provisions of the act of 1865 as relate to the same subject. But, as the act of 1865 was not expressly repealed, it is contended that section 1008 of the Consolidation Act kept in force such of the provisions of the former act as were neither in direct conflict with, nor in substance like, provisions of the Consolidation Act.

Section 1008 reads as follows: "Nothing contained in this title shall be construed as affecting any provision of special acts relating to particular districts or portions of the city, so far as such provisions are inconsistent with the provisions of this title."

It is conceded that but for this section, the decision in *Matter of N. Y. Institution* (121 N. Y. 234) would require the court to hold that the section in question, as well as the entire act of 1865, is no longer in force. The argument, however, in that case as well as in *Matter of Wheelock* (21 N. Y. St. Repr. 371), seems to us to call for a determination that section 4 is no longer operative.

In the first case the court, speaking of the Consolidation Act, and how it should be construed, said: "It was the manifest intention of the Legislature that it should take the place of the numerous

special and local acts applicable to the city of New York, which had been enacted for more than a century, and to rescue them from the obscurity, uncertainty and difficulty caused by their scattered condition, and that intention should have effect."

Granting that such was the object of the enactment, nevertheless, urges the appellant, a failure to repeal in terms the act of 1865, considered in connection with the saving clause contained in section 1008, should satisfy the court that section 4 of the act of 1865 was intentionally reserved from the operations of the Consolidation Act. And appellant insists that the course of legislation on that general subject constitutes a forceful argument in favor of its position. But it does not so impress us. By chapter 536 of the Laws of 1879, commissioners were appointed to compile and revise all special or local laws affecting local interests in the city of New York, and to report at the succeeding Legislature.

Their report, containing nearly 2,200 pages, and entitled "A Compilation," was declared to contain presumptively all special and local laws affecting public interests in the city of New York, and included in it was chapter 565 of the Laws of 1865.

By chapter 594 of the Laws of 1880, passed subsequently to the submission of the compilation to the Legislature, the same persons were constituted commissioners to revise all the special or local laws affecting public interests in the city of New York which should be in force at the time such commissioners should make their final report or at such time prior thereto as such commissioners should deem advisable.

The statute further directed that the commissioners should not make any change in the meaning of existing laws, but seek to simplify and mould into consistent acts all existing statutes upon matters embraced in such special or local laws. Thereupon they prepared what is known as the "Consolidation Act," which was presented to the Legislature, where it passed and became chapter 410 of the Laws of 1882. At the same time the commissioners submitted an act expressly repealing a number of acts, which they deemed to be repealed or covered by the Consolidation Act, which did not include the act of 1865. The commissioners' reasons for this may be found in their note to chapter 13 of their final report, in which it is stated that "chapter 565 (of the Laws of 1865), Comp.

998, superseded by 1871, chapter 534, and 1874, chapter 604." It is apparent that the act of 1865 was not overlooked by the commissioners, for it not only appeared in the first compilation, but in their further report submitting the Consolidation Act it was asserted to be their understanding that it was superseded by the statutes to which they referred. It is evident, therefore, that the commissioners did not intend that section 1008 should operate to continue in force section 4 of that act.

The title of the act of 1874 was substantially like that of 1865, and many of its provisions were of the same general character, although the act of 1874 conferred exclusive power upon the department of public parks to lay out all streets north of One Hundred and Fifty-fifth street, while under the act of 1865 that power was vested in the commissioners of the Central Park.

In *The Matter of New York Institution* (*supra*) the court held that section 8 of the act of 1865 was not repealed or superseded by the act of 1874, because the latter act was in no wise inconsistent with that section, nor did it relate to the subject embraced therein, to wit, the improvement of streets opened.

The court then considered the question whether it was repealed or superseded by the Consolidation Act. It observed that the provisions of section 8 of the act of 1865 were not embraced therein, but that other provisions of the act of 1865, so far as they were re-enacted in the act of 1874, were.

As section 8 was omitted from the act, which, however, did contain certain general provisions for regulating, grading and improving streets, " We have not, therefore (said the court), a case where some prior statute has been wholly omitted, and no provision of any kind substituted in its place. But this is a case where the prior provision of law has been entirely dropped, and provisions upon the same general subject are found in the new act." And the conclusion was reached that the effect of the Consolidation Act was to repeal section 8 of the act of 1865.

It seems to us that the argument of the court, upon which is based its determination that section 8 of the act of 1865 was superseded by the Consolidation Act, is clearly applicable to section 4 of that act.

Section 4 of the act of 1874, which the commissioners assumed

had superseded the act of 1865, contained substantially the same provisions as to assessments for benefit as section 4 of the latter act, with reference to that part of the city north of One Hundred and Fifty-fifth street, except that it limited its operations to the twenty-third and twenty-fourth wards. And the provisions of section 4 of the act of 1874 were re-enacted in section 677 of the Consolidation Act, in the chapter relating to the department of public parks, and also in section 958, under the chapter relating to street openings.

And upon the question of intent it is worthy of note that no part of the act of 1865, except so far as re-enacted by chapter 604 of the Laws of 1874, was incorporated in the Consolidation Act, and yet we have before us the evidence that the act was brought to the attention of the commissioners, for it was quoted entirely in their first compilation and referred to in a note in their revision as superseded by the act of 1874.

The decision of the Special Term seems to us in line with the construction adopted in *Matter of Wheelock* and *Matter of New York Institution* (*supra*), and justified by the provision of the several statutes to which we have referred, considered in connection with the history of their enactment.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.